# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| BRENDA L. LUCERO, HEATHER BARTON, ILONA KOMPANIIETS and CYNTHIA HURTADO, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: 3:22-cv-00208-jdp |
| v. | ) ) | |
| CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF DIRECTORS OF THE CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF TRUSTEES OF THE CREDIT UNION RETIREMENT PLAN ASSOCIATION and JOHN DOES 1-30. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION FOR CLASS CERTIFICATION</u>

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     STATEMENT OF FACTS ........................................................................................3

        A.      Nature of the Plan .......................................................................................3

        B.      Defendants Were Fiduciaries of the Plan..................................................4

        C.      Named Plaintiffs .........................................................................................5

III.    STANDARD FOR CLASS CERTIFICATION ......................................................5

IV.     PLAINTIFFS ASSERT VIABLE CLAIMS............................................................6

V.      ARGUMENT ...........................................................................................................7

        A.      Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan ............7

        B.      The Proposed Class Satisfies the Requirements of Federal Rule of Civil
                Procedure 23(A)..........................................................................................8

                1.      The Proposed Class Satisfies the "Numerosity" Requirement of
                        23(a)(1) ...........................................................................................9

                2.      The Proposed Class Satisfies the "Commonality" Requirement of
                        23(a)(2) ...........................................................................................9

                3.      Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3) ........11

                4.      Plaintiffs Will Adequately Protet the Interst of the class, Satisfying
                        Rule 23(a)(4)..................................................................................13

                        a.      Plaintiffs Are Adequate Class Representatives.............................13

                        b.      Plaintiffs' Counsel Have No Conflicts With the Class, Are
                                Qualified and Experienced, and Will Vigorously Prosecute
                                This Action for the Class ...............................................................16

                5.      The Proposed Class is Adequately Defined and Clearly Ascertainable ....18

        C.      The Class May Be Properly Certified Under Rule 23(b)(1) ...................19

       1.      Certification Under Rule 23(b)(1)(B) is Most Appropirate .......................19

       2.      Certification is Also Appropirate Under Section 23(b)(1)(A) ...................20

VI.    CONCLUSION ............................................................................................................21

# <u>TABLE OF AUTHORITIES</u>

PAGE(S)

**Cases**

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997).................................................................................................. 13, 21

*Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*,
133 S.Ct. 1184 (2013)...................................................................................................... 6

*In re Aquila ERISA Litig.*,
237 F.R.D. 202 (W.D. Mo. 2006)................................................................................... 2, 6

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
270 F.R.D. 310 (N.D. Ill. 2010)....................................................................................... 11

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
222 F.3d 52 (2d Cir.2000)................................................................................................ 15

*Barcenas v. Rush University Med. Ctr.*,
*No.:* 1:22-cv-00366 (N.D. Ill. Jan. 19, 2023)............................................................... 1, 10

*Beach v. JPMorgan Chase Bank, N.A.*,
2019 WL 2428631 (S.D.N.Y. June 11, 2019) ................................................................... 1

*Beaton v. SpeedyPC Software*,
907 F.3d 1018, 1026 (7th Cir. 2018) ............................................................................... 10

*In re Biogen ERISA Litig.*,
No. 20-cv-11325, (D. Mass. Nov. 8, 2022) .................................................................... 2, 8

*Boley v. Universal Health Servs., Inc.*,
36 F.4th 124 (3d Cir. 2022) ............................................................................................. 13

*Boley, et al. v. Universal Health Servs., Inc., et al.*,
2021 WL 859399 (E.D. Pa. Mar. 8, 2021)....................................................................... 19

*Braden v. Wal–Mart Stores, Inc.*,
588 F.3d 585 (8th Cir.2009) ............................................................................................. 8

*Bradford v. AGCO Corp.*,
187 F.R.D. 600 (W.D. Mo. 1999) .................................................................................... 16

*Buus v. WAMU Pension Plan*,
251 F.R.D. 578, 587 (W.D. Wash. 2008) .........................................................................16

*Cavin v. Home Loan Ctr., Inc.*,
236 F.R.D. 387, 393 (N.D. Ill. 2006) ..................................................................... 14

*Chandler v. S.W. Jeep- Eagle, Inc.*,
162 F.R.D. 302, 307–08 (N.D. Ill. 1995) .............................................................. 10

*Clark v. Duke Univ.*,
2018 WL 1801946 (M.D.N.C. April 13, 2018) ................................................ 1, 20

*Coan v. Kaufman*,
457 F.3d 250 (2d Cir. 2006) ..................................................................................... 3

*Conrad v. Boiron, Inc.*,
869 F.3d 536 (7th Cir. 2017) ................................................................................. 13

*In re Control Data Corp. Secs. Litig.*,
116 F.R.D. 216 (D.Minn.1986) ........................................................................... 2, 6

*Cunningham et al. v. Cornell Univ.*,
2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ............................................................ 1

*Cunningham, et al. v. WAWA, Inc., et al*,
387 F.Supp.3d 529 (E.D. Pa. 2019) ......................................................................... 2

*Feinberg v. T. Rowe Price Group, Inc.*,
No. 1:17-cv-00427 (D. Md. May 17, 2019) ............................................................. 2

*Fuller, et al. v. SunTrust Banks, Inc., et al.*,
2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018) ................................ 1, 15

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225, 232 (7th Cir. 1983) ......................................................................... 13

*Eagle v. Vee Pak, Inc.*,
343 F.R.D. 552 (N.D. Ill. Feb. 23, 2023) .............................................................. 13

*General Tel. Co. of Southwest v. Falcon*,
457 U.S. 147 (1982) .................................................................................................. 6

*George v. Kraft Foods Global, Inc.* ("*Kraft II*"),
251 F.R.D. 338 (N.D.Ill.2008) ........................................................... 1, 14, 16, 19

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 417 (4th Cir. 2003) ................................................................................. 15

iv

*Henderson, et al., v. Emory Univ., et al.*,
2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ........................................................................ 1, 15

*Howard v. Cook Cnty. Sheriff's Office*,
989 F.3d 587 (7th Cir. 2021) ............................................................................... 6, 9, 12

*Huang, et al., v. TriNet HR III, Inc., et al.*,
No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022).................................. 8, 12, 15

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
191 F.R.D. 457 (E.D. Pa. 2000)..................................................................................... 9

*Jacobs v. Verizon Communications, Inc. et al.*,
2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020)................................................................. 1

*Johnson v. The PNC Financial Servs. Grp., Inc.*,
No.2:20-cv-1493-CCW, (W.D. Pa. Sept. 16, 2022) ...................................................... 2

*Jones v. NovaStar Fin., Inc.*,
257 F.R.D. 181, 192 (W.D. Mo. 2009) ................................................................... 1, 2, 14

*Karg v. Transamerica Corp.*,
2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) ...................................... 1, 15, 17, 19

*Kornberg v. Carnival Cruise Lines, Inc.*,
741 F.2d 1332 (11th Cir. 1984) ............................................................................. 12

*Lacy v. Cook Cnty.*,
897 F.3d 847 (7th Cir. 2018) ............................................................................. 12

*Lucas, et al., v. MGM Resorts International, et al.*,
2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022)..................................................... 18

*Marshall, et al., v. Northrop Grumman Corp.*,
2017 WL 6888281 (C.D. Cal. Nov. 2, 2017)................................................................ 1

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985)..................................................................................................... 6

*In re Medstar ERISA Litig.*,
No. 1:20-cv-01984-DLB, (D.Md. July 12, 2022) ........................................................ 2

*Mehling v. New York Life Ins. Co. et al.*,
246 F.R.D. 467 (E.D. Pa. 2007)................................................................................. 20

*Moitoso v. FMR LLC*,
No. 1:18-cv-12122, (D. Mass. May 7, 2019) ............................................................... 2

*Moreno, et al., v. Deutsche Bank Ams. Holding Corp.*,
2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) ............................................................... 1

*Mullins v. Direct Dig., LLC.*,
795 F.3d 654 (7th Cir. 2015) ...................................................................................... 9

*Natchitoches Parish Hosp. Serv. Dist. v. Tyco Int'l, Ltd.*,
247 F.R.D. 253 (D.Mass. 2008) ................................................................................ 16

*Neil v. Zell*,
275 F.R.D. 256 (N.D. Ill. 2011) ........................................................................... 19, 20

*New Directions Treatment Serv. v. City of Reading*,
490 F.3d 293 (3d Cir. 2007) ..................................................................................... 16

*In re: Nortel Networks Corp. ERISA Litig.*,
2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) .................................................... 11, 20

*Nunez, et al., v. B. Braun Medical, Inc., et al.*,
No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) ............................................................ 19

*Orr v. Shicker*,
953 F.3d 490 (7th Cir. 2020) ...................................................................................... 9

*Pledger v. Reliance Tr. Co.*,
No. 1:15-cv-4444, (N.D. Ga. Nov. 7, 2017) ................................................................. 2

*Reetz v. Lowe's Cos., Inc.*,
No. 5:18-cv-00075(W.D.N.C. Nov. 5, 2020) ................................................................ 2

*Rodriguez v. Hy-Vee, Inc.*,
4:22-cv-00072 (S.D. Iowa April 26, 2023) ............................................................... 1, 2

*Rozo v. Principal Life Ins. Co.*,
2017 WL 2292834 (S.D. Iowa May 12, 2017) .............................................................. 1

*Rush v. GreatBanc Tr. Co.*,
2021 WL 2453070 (N.D. Ill. June 16, 2021) ............................................................. 19

*Sacerdote v. New York Univ.*,
2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) .......................................................... 1, 20

*Shanehchian v. Macy's, Inc.,*
2011 WL 883659 (S.D.Ohio Mar. 11, 2011) ................................................................ 20

*Shirk v. Fifth Third Bancorp,*
No. 05-cv-049, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) .................................... 20

*Snyder, et al., v. UnitedHealth Croup, Inc.,* et al.,
21-1049 (JRT/BRT) (D. Minn. 2022) .............................................................................. 2

*Spano v. Boeing Co.,*
633 F.3d 574 (7th Cir. 2011) ..................................................................................... 9, 10

*Stengl et al. v. L3Harris Technologies, et al.,*
No. 6:22-cv-572 (M.D. Fla. June 5, 2023) ...........................................................*Passim*

*Surowitz v. Hilton Hotels Corp.,*
383 U.S. 363 (1966) .................................................................................................14, 17

*Sweet v. Advance Auto Stores Co., Inc.,*
No. 7:21-cv-549 (W.D. Va. June 9, 2023) .......................................................... 1, 2, 18

*In re TikTok, Inc., Consumer Priv. Litig.,*
565 F. Supp. 3d 1076 (N.D. Ill. 2021) ........................................................................... 18
'
*Troudt v. Oracle Corp., et al.,*
325 F.R.D. 373 (D. Colo. 2018) ...................................................................................... 1

*Velazquez, et al., v. Massachusetts Financial Services Company d/b/a MFS Investment
Management, et al.,*
1:17-cv-11249-RWZ (D. Mass., 2019) ............................................................................ 2

*Vellali v. Yale Univ.,*
33 F.R.D. 10 (D. Conn. 2019) .......................................................................................... 1

*Wachala et al. v. Astella US LLC et al.,*
No. 20 C 3882, 2022 WL 408108 (N.D. Ill. Feb. 10, 2022) ................................*Passim*

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338 (2011) ................................................................................................. 10, 11

*Wehner v. Genentech, Inc.,*
No. 3:20-cv-06894-RS, (N.D. Cal. Sept. 22, 2022) ........................................................ 2

*Wildman v. Am. Century Servs., LLC,*
2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) .................................................................. 1

*In re: Wilmington Trust Corp.,*
2013 WL 4757843 (D. Del. Sept. 4, 2013) ................................................................... 3

**Statutes**

29 U.S.C. § 1002(21)(A) .............................................................................................. 11

29 U.S.C. § 1002(34) ..................................................................................................... 4

29 U.S.C. § 1104 ......................................................................................................... 21

29 U.S.C. § 1132(a)(2) ......................................................................................... 3, 7, 22

Fed. R. Civ. R. 23 ................................................................................................ 3, 6, 17

Fed. R. Civ. R. 23(a) ............................................................................................ *Passim*

Fed. R. Civ. R. 23(a)(1) .......................................................................................... 9, 10

Fed. R. Civ. R. 23(a)(2) .......................................................................................... 10, 11

Fed. R. Civ. R. 23(a)(3) .......................................................................................... 11, 12

Fed. R. Civ. R. 23(a)(4) .......................................................................................... 13, 17

Fed. R. Civ. R 23(b) ................................................................................................... 3, 6

Fed. R. Civ. R. 23(b)(1) ........................................................................................ *Passim*

Fed. R. Civ. R. 23(b)(1)(A) .................................................................................... 1, 21

Fed. R. Civ. R. 23(b)(1)(B) ................................................................................. 1, 19, 21

Fed. R. Civ. R. 23(b)(2) ....................................................................................... 1, 21

Fed. R. Civ. R. 23(g) ................................................................................................... 17

Fed. R. Civ. R. 23(g)(1)(A) ......................................................................................... 17

Fed. R. Civ. R. 23(g)(1)(B) ......................................................................................... 17

**Other Sources**

The Employee Retirement Income Security Act of 1974 ........................................ *Passim*

Plaintiffs, Brenda L. Lucero, Heather Barton, Ilona Kompaniiets, and Cynthia Hurtado, (collectively, "Plaintiffs"), respectfully submit this memorandum in support of their motion for class certification.

## I.    INTRODUCTION

Plaintiffs' motion for class certification follows this Court's order denying Defendants' motion to dismiss in the entirety. (March 9, 2023; Dkt No. 38). Plaintiffs allege claims under ERISA[1] § 502(a)(2) for breaches of fiduciary duty of the type routinely certified in this Circuit and courts throughout the country. *See Wachala et al. v. Astella US LLC et al.*, No. 20 C 3882, 2022 WL 408108 (N.D. Ill. Feb. 10, 2022) (an ERISA § 502(a)(2) case in which the court certified class pursuant to Rule 23(b)(1)(A) and (B)); *George v. Kraft Foods Global, Inc.* ("*Kraft II*"), 251 F.R.D. 338 (N.D.Ill.2008)(certifying a class under both Rule 23(b)(1) and (b)(2) in an ERISA 502(a)(2–3) case).[2] Indeed, "ERISA litigation of this nature presents a paradigmatic example of a (b)(1)

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

[2] Many other recent decisions have certified classes in ERISA actions alleging breaches of fiduciary duty due to, among other things, alleged excessive fees charged to retirement plan participants. *See, e.g. Rodriguez v. Hy-Vee, Inc.*, 4:22-cv-00072 (S.D. Iowa April 26, 2023); *Sweet v. Advance Auto Stores Co., Inc.*, No. 7:21-cv-549, Slip Op. (W.D. Va. June 9, 2023); *Barcenas v. Rush University Med. Ctr.*, No.: 1:22-cv-00366, Slip Op. at 2 (N.D. Ill. Jan. 19, 2023) *Stengl et al. v. L3Harris Technologies, et al.*, No. 6:22-cv-572, Slip Op. (M.D. Fla. June 5, 2023); *Jacobs v. Verizon Communications, Inc. et al.*, 2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) (same); *Karg v. Transamerica Corp.*, 2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) (certifying class alleging defendants breached fiduciary duties by selecting poorly performing investment options); *Wildman v. Am. Century Servs., LLC,* 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017); *Vellali v. Yale Univ.*, 33 F.R.D. 10 (D. Conn. 2019) (certifying class in case alleging fiduciaries saddled retirement plan with investment options that charged excessive management fees); *Cunningham et al. v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) (same); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019) (same); *Moreno, et al., v. Deutsche Bank Ams. Holding Corp.,* 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) (same); *Henderson, et al., v. Emory Univ., et al.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) (certifying class under 23(b)(1)(A) and (B)); *Fuller, et al., v. SunTrust Banks, Inc., et al.*, 2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018) (same); *Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. April 13, 2018) (same); *Rozo v. Principal Life Ins. Co*., 2017 WL 2292834 (S.D. Iowa May 12, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A));

class." *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 194 (W.D. Mo. 2009) (citation and quotation marks omitted). "The interests of justice require that when in doubt, any error, if there is to be one, should be committed in favor of allowing the class action." *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 207 (W.D. Mo. 2006) (citing *In re Control Data Corp. Secs. Litig.,* 116 F.R.D. 216, 219 (D.Minn.1986). Just last month, in a more complex case, a court out of the Eleventh Circuit certified a class action with nearly identical recordkeeping fee claims. *See Stengl et al. v. L3Harris Technologies, et al.*, No. 6:22-cv-572 (M.D. Fla. June 5, 2023). Class certification in these types of ERISA cases is so routine in fact, defendants in courts throughout the country regularly stipulate to class certification. *See, e.g., Sweet v. Advance Auto Stores Co., Inc.*, No. 7:21-cv-549, slip op. (W.D. Va. June 9, 2023).[3]

Plaintiffs seek to certify the following class pursuant to FED. R. CIV. P. 23(a) and (b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Credit Union Retirement Plan Association 401(k) Plan, at any time between April 12, 2016, through the date of judgment (the "Class Period").

---

*Sacerdote v. New York Univ.,* 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) (same); *Troudt v. Oracle Corp., et al.,* 325 F.R.D. 373 (D. Colo. 2018) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)); *Marshall, et al., v. Northrop Grumman Corp.*, 2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) (certifying class and subclasses pursuant to Rules 23(a) and 23(b)(1)).

[3] *See also Rodriguez., 4:22-cv-00072* (Defendants stipulating to class certification in an excessive recordkeeping fee suit); *Snyder, et al., v. UnitedHealth Croup, Inc.*, et al., 21-1049 (JRT/BRT) (D. Minn. 2022) (same); *Johnson v. The PNC Financial Servs. Grp., Inc.*, No.2:20-cv-1493-CCW, Dkt. No. 80 (W.D. Pa. Sept. 16, 2022); *Cunningham v. Wawa, Inc.*, 387 F.Supp. 3d 529 (E.D. Pa. 2019); *Wehner v. Genentech, Inc.*, No. 3:20-cv-06894-RS, Dkt. No. 98 (N.D. Cal. Sept. 22, 2022); *In re Medstar ERISA Litig.*, No. 1:20-cv-01984-DLB, Dkt. 64 (D.Md. July 12, 2022); *Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427, Dkt. 83 (D. Md. May 17, 2019); *Reetz v. Lowe's Cos., Inc.*, No. 5:18-cv-00075, Dkt. 97 (W.D.N.C. Nov. 5, 2020); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017); *Velazquez, et al., v. Massachusetts Financial Services Company d/b/a MFS Investment Management, et al.,* 1:17-cv-11249-RWZ (D. Mass., 2019); *In re Biogen ERISA Litig.*, No. 20-cv-11325, Dkt. No. 104 (D. Mass. Nov. 8, 2022); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019).

Additionally, Plaintiffs respectfully request that this Court appoint them as representatives for the certified Class, and appoint their counsel, Capozzi Adler, P.C., ("Capozzi Adler") as Class Counsel.

As discussed below, Plaintiffs' ERISA claims satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b): (1) during the Class Period, there were thousands of participants in the Plan; (2) Plaintiffs are typical of the class members; (3) common issues abound regarding the manner in which Defendants managed the Plan's recordkeeping and administrative fees; and (4) Plaintiffs have retained experienced class counsel and are adequate to represent the interests of the class.[4] Notably, in addition to the decisions cited above, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country.[5]  The same is warranted here.

## II.    STATEMENT OF FACTS

### A.  Nature of the Plan

The Plan is a defined contribution plan covering substantially all eligible employees of the members of CUNA. 2020 Auditor Report at 5. More specifically, the Plan is a "defined

---

[4] Plaintiffs seek class certification because it will likely afford Plan participants the best possible representation and the best protection of their interests (including via the Court's Rule 23(d) supervisory authority).  *See, e.g.*, *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006) (finding plaintiff's failure to proceed under Rule 23 meant the case was "without the benefit of a procedural mechanism for the protection of the interested parties").  However, Plaintiffs do not concede that class certification is required for them to prosecute claims on behalf of the Plan and all participants. *See, e.g.*, *In re: Wilmington Trust Corp.*, 2013 WL 4757843, at *3 (D. Del. Sept. 4, 2013) (granting plaintiffs' motion to proceed derivatively on behalf of all plan participants without class certification, because of the nature of such claims).

[5] *See* Exhibit 3 to the accompanying Declaration of Mark K. Gyandoh (the "Gyandoh Decl.") (a non-exhaustive list of decisions certifying classes in ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including at least 33 decisions certifying classes in "excessive fee" suits).  All Exhibits referenced herein are attached to the Gyandoh Declaration.

contribution" or "individual account" plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that the Plan provides for individual accounts for each participant and for benefits based solely upon the amount contributed to those accounts, and any income, expense, gains and losses, and any forfeitures of accounts of the participants which may be allocated to such participant's account. *Id*. Consequently, retirement benefits provided by the Plan are based solely on the amounts allocated to each individual's account. *Id.* The Plan is also a multiple employer plan ("MEP"), meaning individual participants belong to one of several employers enrolled in the Plan. *See* The American Institute of CPAs TOPIX Primer Series, Multiple Employer Retirement Plans and Multiple Employer Welfare Arrangements, AICPA 2017[6] ("AICPA") at 1.

**B.  The Defendants Were Fiduciaries of the Plan[7]**

Credit Union Retirement Plan Association (CUNA) is the Plan sponsor and a named fiduciary. 2020 Form 5500 at 1.  CUNA is a professional employer organization or PEO, meaning CUNA "provide[s] a means by which an employer can outsource employee management tasks, such as payroll, employee benefits, workers' compensation, recruiting, risk/safety management, and training and development." AICPA at 1. CUNA, acting through its Board of Directors, has appointed the Board of Trustees of the Credit Union Retirement Plan Association ("Board of Trustees" or "Committee") and its members to, among other things, ensure that the investments available to Plan participants are appropriate, ensure that the Plan's investment had no more

---

[6] Was publicly Available at
https://www.aicpa.org/content/dam/aicpa/interestareas/employeebenefitplanauditquality/resources/ebpaqcprimers/downloadabledocuments/ebpaqc-multiple-employer-plans-primer.pdf last accessed on September 27, 2020. It is believed this document is no longer publicly available. However, a copy of the article from when it was publicly available has been retained in the undersigned Counsel's records. A copy with proof of public availability will be provided upon request.
[7] To the extent any Defendants deny being a fiduciary, this will be a question decided on a class-wide basis.

expense than reasonable and performed well as compared to their peers, and to ensure that the Plan paid a fair price for recordkeeping and administrative services. The December 31, 2020, Report of Independent Auditor of the Credit Union Retirement Plan Association 401(k) Plan ("2020 Auditor Report") at 5. Under ERISA, fiduciaries with the power to appoint have the concomitant fiduciary duty to monitor and supervise their appointees.

Accordingly, CUNA, its Board of Directors, each of the member of the Board of Directors, The Board of Trustees, and each of the members of the Board of Trustees during the putative Class Period is/were fiduciaries of the Plan, within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A) because they exercised discretionary authority over management or disposition of Plan assets.

### C. Named Plaintiffs

Plaintiff Brenda L. Lucero was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 44, 45; Exhibit 4, ¶ 5 (Declaration of Brenda L. Lucero) ("Lucero Decl."). Plaintiff Heather Barton was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 44, 46; Exhibit 5, ¶ 5 (Declaration of Heather Barton) ("Barton Decl."). Plaintiff Ilona Kompaniiets was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 44, 47; Exhibit 6, ¶ 5 (Declaration of Ilona Kompaniiets) ("Kompaniiets Decl."). Plaintiff Cynthia Hurtado was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 44, 48; Exhibit 7, ¶ 5 (Declaration of Cynthia Hurtado) ("Hurtado Decl.").

## III.     STANDARD FOR CLASS CERTIFICATION

Plaintiffs must show that the class satisfies the four prerequisites of Rule 23(a) (commonly referred to as numerosity, commonality, typicality, and adequacy), and that it falls within one of the three types of class actions under Federal Rule of Civil Procedure 23(b).  *Howard v. Cook Cnty. Sheriff's Office*, 989 F.3d 587, 597 (7th Cir. 2021). The Supreme Court has recognized the virtues of the class action device and the utility of FED. R. CIV. P. 23 in bringing private rights of action. *See, e.g.*, *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) ("[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23."); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting that Congress expressed intent that ERISA "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole"). "The interests of justice require that when in doubt, any error, if there is to be one, should be committed in favor of allowing the class action." *In re Aquila ERISA Litig.*, 237 F.R.D. 202, 207 (W.D. Mo. 2006) (citing *In re Control Data Corp. Secs. Litig.,* 116 F.R.D. 216, 219 (D.Minn.1986).

Although courts must conduct a "rigorous" analysis of the Rule 23 elements, this is not a "license to engage in free-ranging merits inquiries at the certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S.Ct. 1184, 1194–95 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1195.

## IV.     PLAINTIFFS ASSERT VIABLE CLAIMS

Plaintiffs' alleged facts are set forth in the Complaint and the Gyandoh Declaration.  *See* ECF No. 1; Gyandoh Decl. ¶¶ 4-18. In short, the Plan plays a central role in the retirement planning

for Plaintiffs and the other Class members, and prudent management of the Plan will directly impact their financial security during retirement. Accordingly, the Committee's prudent selection and monitoring of all fees incurred by plan participants, including the Plan's recordkeeping and administration fees, is crucial to fulfill the purpose of the Plan. *Id*.

In the Complaint, Plaintiffs assert the following claims: (1) Count I against the Committee Defendants for their failure to prudently manage the Plan's recordkeeping and administration cost as well as the total Plan cost, because during the Class Period, "[t]he Prudence Defendants breached these fiduciary duties in multiple respects as discussed throughout this Complaint such as failing to make decisions regarding the Plan's recordkeeping and administration costs," and "[t]he failure to engage in an appropriate and prudent process resulted in saddling the Plan and its participants with excessive Plan recordkeeping and administration costs." Cmplt. ¶¶ 96-97; and (2) Count II against CUNA and the Board Defendants for their failure to adequately monitor other fiduciaries by "[f]ailing to monitor and evaluate the performance of the Committee Defendants or have a system in place for doing so, standing idly by as the Plan suffered significant losses as a result of the Committee Defendants' imprudent actions and omissions," "failing to monitor the processes by which Plan investments were evaluated," and "failing to remove Committee members whose performance was inadequate in that they continued to maintain imprudent, excessively costly, and poorly performing investments within the Plan and pay exorbitant fees for the Plan's recordkeeping and administration, all to the detriment of the Plan and Plan participants' retirement savings." Cmplt. ¶ 105. As set forth below, the claims here are ideally suited for class treatment.

## V.     ARGUMENT

### A.  Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan

Plaintiffs in an ERISA case like this one may seek recovery on behalf of the entire plan. A suit under 29 U.S.C. §1132(a)(2) is "brought in a representative capacity on behalf of the plan as

a whole," and remedies under §1109 "protect the entire plan." *Braden v. Wal-Mart Stores, Inc*, 588 F.3d 585, 593 (8th Cir. 2009). *See also In re Biogen*, 2021 WL 3116331, at *4 (Plaintiff-participants in defined contribution plans "can establish constitutional standing to bring representative claims by pointing to injuries to Plan assets.") (Listing cases, internal quotation marks omitted). As the Court aptly noted in its Order Denying Defendants Motion to Dismiss, "the parties agree that excess fees qualify as an injury in fact, that the fees are traceable to defendants' conduct, and that the fees would likely be reduced if plaintiffs prevail on this lawsuit." *See* Dkt. 38 at 2. Plaintiffs allege "[a]s a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan suffered millions of dollars of losses due to excessive costs" and "[h]ad Defendants complied with their fiduciary obligations, the Plan would not have suffered these losses, and the Plan's participants would have had more money available to them for their retirement." Cmplt. at ¶ 98.

It is of no moment that the Plan was comprised of multiple employers because all individual class members were part of the same Plan administered by the same Defendants. Plaintiffs advancing claims on behalf of a plan can "seek relief… that sweeps beyond [their] own injury." *Braden*, 588 F.3d at 593. In an analogous matter involving a multiple employer plan ("MEP"), *Huang v. TriNet HR III, Inc.*, the court certified a class of participants who alleged the defendants failed to control the Plan's recordkeeping expenses. The court held standing was satisfied because, "[t]he TriNet IV Plaintiffs allege that they, along with all other Plan participants, were injured in the same manner due to Defendants' failure to discharge their duties in the interests of Plan participants, leading to unreasonable recordkeeping fees." *Huang v. TriNet HR III, Inc.*, 2022 WL 13631836, at *12 (M.D. Fla. Oct. 21, 2022). As participants of the Plan, all Plaintiffs were harmed by having to pay excessive recordkeeping fees associated with the Plan. *See* Lucero Decl., ¶ 5;

Barton Decl., ¶ 5; Kompaniiets Decl., ¶ 5; Hurtado Decl., ¶5 (alleging the same).  Accordingly,

Plaintiffs have standing to pursue claims on behalf of the Plan and absent class members.

    **B.  The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)**

    A class must first satisfy the four basic prerequisites of Rule 23(a): (1) numerosity, (2)

commonality, (3) typicality, and (4) adequacy of representation.  FED. R. CIV. P. 23(a)" *Howard*,

989 F.3d at 597. Plaintiffs have satisfied all four elements of Rule 23(a).

    **1.  The Proposed Class Satisfies the "Numerosity" and Ascertainability Requirement of 23(a)(1).**

    Rule 23(a)(1) calls for certification if "the class is so numerous that joinder of all members

is impracticable."  Fed. R. Civ. P. 23(a)(1).  When there "are thousands of participants in [a] plan

in any given year," the court "should make common sense assumptions regarding numerosity*." In

re IKON Office Solutions, Inc., Secs. Litig.*, 191 F.R.D. 457, 462 (E.D.Pa. 2000). *See also Spano

v. Boeing Co*., 633 F.3d 574, 587 (7th Cir. 2011) (noting numerosity no one could argue "with a

straight face" that numerosity was not satisifed where "filings with the Department of Labor on

behalf of the Boeing Plan disclosed that there were 189,577 participants with account balances.").

Generally, more than 40 individuals is sufficient. *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020).

Here, numerosity is clearly satisfied because there were at least 9,249 participants each year during

the Class Period, which is more than sufficient to find joinder of all parties is impracticable, thereby

satisfying Rule 23(a)(1).

    Additionally, courts in this Circuit "have long recognized an implicit requirement under

Rule 23 that a class must be defined clearly and that membership be defined by objective criteria

rather than by, for example, a class member's state of mind." *Mullins v. Direct Dig., LLC.*, 795

F.3d 654, 657 (7th Cir. 2015). In this Circuit, ascertainability is evaluated based on the class

definition. *Id*. at 559. Here the proposed class definition encompasses all Plan members within a clear time frame, and thus individual class members are easily ascertainable from Plan documents and employment records. *See e.g. Barcenas v. Rush University Med. Ctr*., No.: 1:22-cv-00366, Slip Op. at 2 (N.D. Ill. Jan. 19, 2023) ("as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria.")

## 2. The Proposed Class Satisfies the "Commonality" Requirement of 23(a)(2)

In order to obtain certification, Plaintiffs must also demonstrate the existence of common questions of law or fact. FED. R. CIV. P. 23(a)(2). In order to satisfy commonality, "there needs to be one or more common questions of law or fact that are capable of class-wide resolution and are central to the claims' validity." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018). Commonality concerns "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011)(emphasis in original). Importantly, "the presence of some individualized issues does not overshadow the common nucleus of operative fact presented when the defendant is engaged in standardized conduct toward the class." *Chandler v. S.W. Jeep- Eagle, Inc*., 162 F.R.D. 302, 307–08 (N.D. Ill. 1995).

In ERISA cases involving defined-contribution plans, commonality "is easily satisfied" because, "'fund participants operate against a common background,' and allegations that a fiduciary has breached its duties in the selection of investment options describe a problem that operates across the plan rather than at the individual level.'" *Wachala*, 2022 WL 408108, at *5 (internal citations omitted); *see also Spano*, 633 F.3d at 586 (holding commonality was satisfied because "[t]he assertion that Boeing imposes excessive fees on all participants, as well as the

10

assertion that Boeing has failed to satisfy its fiduciary duties in its selection of investment options, both describe problems that would operate across the plan rather than at the individual level."); *Stengl*, No. 6:22-cv-572, at 2-3 ("Plaintiffs have shown that a common question exists as to whether Defendants breached ERISA's duty of prudence in connection with selecting and monitoring the Plan's investment options and monitoring the compensation paid for recordkeeping and administration services.").

Here, the overarching questions of law and fact applicable to all Plan participants are whether Defendants breached fiduciary duties owed to the Plan and its participants by failing to monitor or control the compensation paid for recordkeeping and administration services, as well as failing to monitor or control the total Plan costs paid by participants. *See* Gyandoh Decl., ¶ 13-17. All of these questions are sufficient to satisfy plaintiffs' burden under Rule 23(a)(2) because they all focus on the Defendants' "standardized conduct towards the members of the proposed class." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 310, 341 (N.D. Ill. 2010).

Additionally, the legal question of whether Defendants are fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) is common to all Plan members, because Defendants deny being Fiduciaries of the Plan. *See* Defs. Answers and Affirmative Defenses to Class Action Compl. (ECF No. 41) at ¶¶ 23, 26, 27, 29, 33, 39, 55. Thus, "[t]he other elements of the prudence claim (that the defendants are fiduciaries, and that they breached their fiduciary duty) are focused solely Defendants and their actions and will require the same proof for all class members." *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, at *8 (M.D. Tenn. Sept. 2, 2009). Plaintiffs surpass the commonality requirement where "'[e]ven a single [common] question' will do." *Wal-Mart*, 564 U.S. at 359.

### 3. Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3)

Under FED. R. CIV. P. 23 (a)(3), Plaintiffs also must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23 (a)(3). "Typicality 'is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large.'" *Howard*, 989 F.3d at 605 (quoting *Lacy v. Cook Cnty.*, 897 F.3d 847, 866 (7th Cir. 2018)). Here, Plaintiffs easily satisfy the typicality prong of Rule 23 because they were all subject to the Plan's excessive administration and recordkeeping fees and excessive total Plan cost. Moreover, typicality requires "that the plaintiff's pursuit of her own interest will necessarily also benefit the class." *Wachala*, 2022 WL 408108, at *5 (citing *Howard*, 989 F.3d at 605). Plaintiffs seek to restore economic losses to the Plan, and therefore all Plan participants (class members), based on the same type of injury caused by Defendants' same breaches of fiduciary duties.

Plan participants belonging to different employers under the same MEP does not defeat typicality. The court in *Huang* found claims brought on behalf of an MEP did not undermine the typicality of the class, noting "'[T]ypicality, however, does not require identical claims or defenses.[…][a] factual variation will not render a class representative's claim atypical'" *Huang*, 2022 WL 13631836, at *20 (citing *Kornberg v. Carnival Cruise Lines, Inc*., 741 F.2d 1332, 1337 (11th Cir. 1984)). The court held typicality was satisfied because "The TriNet IV **Plaintiffs' claims and the claims of all participants in the TriNet IV Plan are based on the same legal theory and underlying events**: the Committee Defendants breached their duty of prudence by imprudently selecting, administering, and reviewing the TriNet IV Plan investments and recordkeeping fees, and TriNet and the Board Defendants breached their duty by failing to monitor the performance of the Committee." *Id*. at 24 (emphasis added). Similarly, in *Wachala*, the court

held typicality was satisfied despite members of the "Investment Loss Class who had only net economic gains." *Wachala*, 2022 WL 408108, at *7. The court held, "defendants' focus on individual class members' potential recoveries under various theories is misplaced because it ignores their shared interest in establishing defendants' liability." *Id. See also Eagle v. Vee Pak, Inc.*, 343 F.R.D. 552, 575 (N.D. Ill. Feb. 23, 2023) (citing *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983), "[f]actual differences between the plaintiffs do not destroy typicality as long as plaintiffs proffer similar legal theories […] It is the legal theories supporting those injuries that must be typical of plaintiffs' claims; the plaintiffs may have claims typical of other class members even if the extent of class members' injuries differs."); *Boley v. Universal Health Servs., Inc.*, 36 F.4th 124, 134 (3d Cir. 2022) (finding typicality satisfied even though the named plaintiffs did not invest in all of the challenged funds because, "[e]ach participant's potential recovery, regardless of the fund in which he or she invested, is under the same legal theory—Universal's breach of its fiduciary duty under ERISA in managing the Plan's investment options."). This factor is satisfied because the legal theories, participation in the Plan, and type of injuries asserted by Plaintiffs are typical of the Class.

### 4. Plaintiffs Will Adequately Protect the Interest of the Class, Satisfying Rule 23(a)(4)

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4).

#### a. Plaintiffs Are Adequate Class Representatives

"In order to be an adequate representative, the named plaintiff must 'be part of the class and possess the same interest and suffer the same injury as the class members'" *Conrad v. Boiron, Inc.*, 869 F.3d 536, 539 (7th Cir. 2017) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)). The adequacy requirement "ensure[s] that the named plaintiffs will vigorously

advocate for a positive outcome for class claimants." *Eagle*, 343 F.R.D. at 576. However, "[t]he burden of such a showing is modest." *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006). Here, the Named Plaintiffs' retirement investment interests and financial injuries are identical to the Class. *See e.g., Stengl, No. 6:22-cv-572,* at 4 ("Importantly, the interests of all Plan participants are aligned because the named Plaintiffs have similar legal and financial interests in this action as the proposed class members.")

The Named Plaintiffs must prove the same wrongdoing by Defendants as any and every absent Class member would need to prove in order to establish Defendants' liability, *i.e.*, Defendants' failure to monitor and act on the excessive recordkeeping fees that caused the Plan and participants an economic loss. Accordingly, Named Plaintiffs, like all Class members, were participants in the Plan during the Class Period, subject to Defendants' identical breaches of fiduciary duties, and the Plan-wide relief Named Plaintiffs are seeking will benefit members of the proposed Class. *See, e.g.*, *Jones*, 257 F.R.D. at 192 ("Again, in an action seeking to recover on behalf of a plan, the focus is on the impact of the defendants' actions on that plan. Indeed [plaintiff] has an incentive to maximize recovery to the Plan because she will be affected."); *George,* 251 F.R.D. at 351 (finding adequacy satisfied because "[e]ach plaintiff describes the same conduct: alleged unreasonable and undisclosed fees being charged to the Plan in spite of defendants' fiduciary duties to act otherwise.").

"A named plaintiff does not need to have special knowledge of the case or possess a detailed understanding of the legal or factual basis on which a class action is maintained. Rather, the class representative must know the basic facts underlying the lawsuit as alleged in the complaint, and must be willing to participate in discovery." *George*, 251 F.R.D. at 351 (citing *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363 (1966)). Here, each Named Plaintiff has confirmed

that he/she is ready, willing, and able to fulfill the duties required of a class representative. Each Named Plaintiff has submitted a declaration attesting to his/her efforts to date and confirming their desire to serve as a representative of the Class. Up to this point in this litigation, they have: reviewed the allegations in the Complaint and provided information to counsel prior to the initiation of this action; provided documents and assisted counsel in discovery matters; and maintained regular communication with counsel in order to stay informed about the case. *See* Lucero Decl., ¶ 9; Barton Decl., ¶ 9; Kompaniiets Decl., ¶ 9; Hurtado Decl., ¶ 9. As noted in their declarations, Named Plaintiffs understand their responsibilities and duties as class representatives and will take all steps necessary to protect the interests of the proposed Class. *See* Lucero Decl., ¶ 10-11; Barton Decl., ¶ 10-11; Kompaniiets Decl., ¶ 10-11; Hurtado Decl., ¶10-11. Many courts have found Named Plaintiffs' declarations sufficiently demonstrate adequacy. *See e.g., Huang*, 2022 WL 13631836, at *9 (holding "Plaintiffs have shown that they will adequately prosecute the action" where "[e]ach named Plaintiff has 'submitted a declaration attesting to their efforts to date and confirming their desire to serve as a representative' of the class."); *Stengl,* No. 6:22-cv-572, at *3-4* (same); *Karg*, 2020 WL 3400199, at * 3 (same); *Henderson, et al., v. Emory Univ., et al.*, 2018 WL 6332343, at *7 (N.D. Ga. Sept. 13, 2018) (same); *Fuller, et al. v. SunTrust Banks, Inc., et al.*, 2018 U.S. Dist. LEXIS 113108, at *17 (N.D. Ga. June 27, 2018) ("Although the affidavits are pro forma documents prepared by counsel, each Plaintiff signed at the bottom acknowledging that the affidavit contained their true contentions").

Lastly, courts across the country recognize a representative need not have detailed knowledge of the facts in complex cases "in which the defendant's liability can be established only after a great deal of investigation and discovery by counsel against a background of legal knowledge[.]" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003); *Baffa v.*

*Donaldson*, 222 F.3d 52, 61 (2d Cir. 2000) (noting Supreme Court has "expressly disapproved" attacking "the adequacy of a class representative based on the representative's ignorance."). *See also New Directions Treatment Serv. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) ("A class representative need only possess 'a minimal degree of knowledge necessary to meet the adequacy standard.'"); *Natchitoches Parish Hosp. Serv. Dist. v. Tyco Int'l, Ltd.,* 247 F.R.D. 253, 265 (D.Mass. 2008) (noting a plaintiff is "not required to have expert knowledge of all the details of a case."). Because of the complexity of ERISA cases, many courts acknowledge a class representative may be adequate representation while still relying on Class Counsel to investigate and communicate the claims and issues of the case. *See e.g. George*, 251 F.R.D. at 351 (holding it is "indeed not surprising that they cannot articulate the nature of their claims since ERISA is a complicated area of the law. Plaintiffs have relied on their lawyers, whom defendants concede are adequate class counsel, to understand and articulate their claims—which they have done. Thus, we find Rule 23(a)(4) satisfied."); *Bradford v. AGCO Corp.*, 187 F.R.D. 600, 605 (W.D. Mo. 1999) ("Simply because the plaintiffs were not involved in the preparation of the class action ERISA claim, as the defendant claims, is not enough to defeat certification. In fact, this Court would be shocked if a representative plaintiff in an ERISA and LMRA case took an active role in the preparation of the case.").

Here, the evidence demonstrates Plaintiffs possess more than "the minimal degree of knowledge" necessary to satisfy the adequacy requirement. As addressed *supra*, Plaintiffs' declarations acknowledge the Plaintiffs' intentions to represent the interests of the class until the conclusion of this case. Lucero Decl., ¶ 9-11; Barton Decl., ¶ 9-11; Kompaniiets Decl., ¶ 9-11; Hurtado Decl., ¶9-11. Moreover, plaintiffs need not possess an extensive financial background to meet the adequacy requirement. *See Buus v. WAMU Pension Plan*, 251 F.R.D. 578, 587 (W.D.

16

Wash. 2008) ("Several decades ago, the Supreme Court remarked that Rule 23 should not be used to 'defeat the ends of justice' by facilitating the dismissal of class action complaints involving unsophisticated named plaintiffs.") (Citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966)). In fact, each Plaintiff has stated in his/her declaration that he/she is not an expert investor. *See* Lucero Decl., ¶ 6; Barton Decl., ¶ 6; Kompaniiets Decl., ¶ 6; Hurtado Decl., ¶6.

The proposed class representatives have shown their ability to represent the class and their intent to continue to represent the class, therefore satisfying Rule 23(a)(4)'s adequacy requirement.

### b.  Plaintiffs' Counsel Have No Conflicts With the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class

The inquiry into the adequacy of class counsel is now decoupled from the Rule 23(a)(4) inquiry into the adequacy of the class representatives and is analyzed under factors set forth in Rule 23(g). *Karg*, 2020 WL 3400199, at *5 (citing FED. R. CIV. P. 23) ("If the motion includes a proposal for the appointment of class counsel, set forth with particularity the information the court must consider in assessing proposed class counsel's ability to represent the interests of the class fairly and adequately, as set forth in Federal Rules of Civil Procedure 23(g)(1)(A) and (B).") Rule 23(g) complements the requirement of Rule 23(a) that class representatives adequately represent the interests of class members by focusing on the qualifications of class counsel. Rule 23(g)(1)(A) instructs the court to consider, among other things: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). Rule 23(g) notes a court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P.

23(g)(1)(B). Ultimately, adequacy of representation requirement ensures class counsel are "qualified, experienced and generally able to conduct the proposed litigation." *In re TikTok, Inc., Consumer Priv. Litig.,* 565 F. Supp. 3d 1076, 1085 (N.D. Ill. 2021) (internal quotations omitted).

Here, Capozzi Adler satisfies all prerequisites. First, Capozzi Adler has done significant work identifying and investigating potential claims in this action. It began its investigation of claims several months before filing suit. Gyandoh Decl., ¶¶ 4-9. This work included requesting documents from the Company pursuant to ERISA § 104(b)(4) and engaging consulting experts. *Id*. Second*,* Capozzi Adler and the undersigned counsel have significant experience handling ERISA matters and have knowledge of the applicable law. *Id*. at ¶¶ 33-43.  Mark K. Gyandoh is a partner and chair of the Fiduciary Practice Group at Capozzi Adler and will lead the litigation of this action. *Id*. He has been litigating ERISA fiduciary breach lawsuits for 18 years and he and Capozzi Adler currently serve as counsel in over two dozen fiduciary breach actions across the country. *Id*. at ¶¶ 33-42. Capozzi Adler was recently appointed interim or co-lead counsel in several actions pending across the country and have defeated numerous motions to dismiss, won appellate decisions, and settled analogous cases across the country. *Id*. at ¶¶ 37-42. Based on the foregoing, Capozzi Adler has the requisite qualifications to lead this litigation. Third, Capozzi Adler will commit the necessary resources to represent the class. With three office locations, the firm has been successfully serving clients for over 25 years offering a full range of legal services. *Id.* at ¶ 43.

Accordingly, appointment of Capozzi Adler as Class Counsel is warranted. *See e.g., Stengl,* No. 6:22-cv-572 at 5 ("Plaintiffs contend that its counsel, Capozzi Adler, P.C., has no conflicts and will vigorously prosecute this action, noting its investigation, experience, and qualifications. (*See* Doc. 63, pp. 20–21). This thus satisfies the last Rule 23(a) requirement."); *Sweet,* No. 7:21-

cv-549 (appointing Capozzi Adler as Class Counsel) *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (ECF 112) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Boley, et al. v. Universal Health Servs., Inc., et al.*, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action); *Karg*, 2020 WL 3400199, at * 3 (appointing class counsel where "plaintiffs' counsel submitted documentation of their own qualifications and commitment.").

### C.  The Class May Be Properly Certified Under Rule 23(b)(1)

Courts in this Circuit and around the nation routinely grant certification under Rule 23(b)(1) in ERISA fiduciary breach cases. *See, e.g., Neil v. Zell,* 275 F.R.D. 256, 267 (N.D. Ill. 2011) (listing cases and holding "ERISA class actions are commonly certified under either or both subsections of 23(b)(1) because recovery for a breach of the fiduciary duty owed to an ERISA plan, as is the predominant claim here, will inure to the plan as a whole, and because defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan. Essentially, in an ERISA action in which relief is being sought on behalf of the plan as a whole (as it is here), a plaintiff's victory would necessarily settle the issue for all other prospective plaintiffs."); *Rush v. GreatBanc Tr. Co.*, 2021 WL 2453070, at *9 (N.D. Ill. June 16, 2021) ("ERISA actions alleging breach of fiduciary duty have been described as 'paradigmatic' Rule 23(b)(1) class action cases."); *George*, 251 F.R.D. at 352 ("There is existing law in this district finding class certification appropriate under Rule 23(b)(1) for ERISA claims.").

### 1.    Certification Under Rule 23(b)(1)(B) is Most Appropriate

Many courts have relied upon Rule 23(b)(1)(B) in certifying classes in analogous cases

because it is particularly suited for cases alleging the breach of fiduciary obligations to plaintiffs. Indeed, the Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." FED. R. CIV. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). *See, e.g.*, *Neil*, 275 F.R.D. at 268 ("the court concludes that Plaintiffs' claims are typical of those of other class members and indeed are paradigmatic ERISA claims suitable for certification pursuant to 23(b)(1)(B) because a victory on these claims by one plan member would necessarily be a victory for all plan members. The court finds that Plaintiffs have satisfied 23(b)(1)(B)."); *Wachala*, 2022 WL 408108, at *9 (agreeing with Plaintiffs "that subsection (B) is also satisfied due to the trust-like nature of a defined-contribution plan like the Astellas Plan, with fiduciary duties owed to the plan and not particular individuals."); *Mehling v. New York Life Ins. Co. et al.*, 246 F.R.D. 467, 478 (E.D. Pa. 2007) (certifying the class pursuant to Rule 23(b)(1)(B) in an ERISA fiduciary duty case); *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827, *14-15 (same); *Shanehchian v. Macy's, Inc.,* 2011 WL 883659, at *9-10 (S.D.Ohio Mar. 11, 2011)(same); *Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4425535, at *5 (S.D. Ohio Sept. 30, 2008) (same); *Sacerdote*, 2018 WL 840364, *6 ("Most ERISA class action cases are certified under Rule 23(b)(1)."); *Clark*, 2018 WL 1801946, *9-10 (same).

Here, the Complaint alleges breaches of fiduciary duties under ERISA. Therefore, the only remedy available to participants in the Plan is Plan-wide relief, including the restoration of losses. Thus, the proposed Class meets the requirements of FED. R. CIV. P. 23(b)(1), given the nature of

this action and the relief sought on behalf of the Class.[8]

**2.      Certification is Also Appropriate Under Section 23(b)(1)(A)**

Rule 23(b)(1)(A) "takes in cases where the party is obligated by law to treat the members

of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity."

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (citation omitted). This is precisely

such a case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that

protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104. In

discharging their duties to the Plan, Defendants, as fiduciaries, were obligated to treat all

participants (and all class members) alike. However, once a court determines that a class of

participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection

(b)(1)(B) of Rule 23, it is not necessary to consider the alternative subsections of Rule 23(b). *See,*

*e.g.*, *Koch v. Dwyer*, No. 98-CV-5519, 2001 WL 289972, at *5 n.2 (S.D.N.Y. Mar. 23, 2001)

("Since class certification is proper under Rule 23(b)(1)(B), it need not be determined whether

Plaintiff has also satisfied the requirements of Rule 23(b)(1)(A) or 23(b)(2).")

**VI.    CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court certify this

action as a class action under FED. R. CIV. P. 23(a) and (b)(1), appoint Plaintiffs Brenda L.

Lucero, Heather Barton, Ilona Kompaniiets, and Cynthia Hurtado, as representatives for the

certified Class, and appoint Capozzi Adler as counsel for the certified Class. As explained above,

dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this

Circuit and throughout the country. For the Court's convenience, Plaintiffs attach as Exhibit 3 to

the Gyandoh Declaration, a non-exhaustive list of eighty-four (84) decisions certifying classes in

---

[8] *See* Gyandoh Decl., Exhibit 3 (listing decisions certifying Rule 23(b)(1)(B) classes).

ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including at least thirty-three (33) decisions certifying classes in "excessive fee" suits.

Dated: July 14, 2023                             **CAPOZZI ADLER, P.C.**

                                                 _/s/ Mark K. Gyandoh_
                                                 Mark K. Gyandoh
                                                 312 Old Lancaster Road
                                                 Merion Station, PA 19066
                                                 Telephone: (610) 890-0200
                                                 Facsimile: (717) 233-4103
                                                 Email: markg@capozziadler.com

                                                 Donald R. Reavey
                                                 2933 North Front Street
                                                 Harrisburg, PA 17110
                                                 Telephone: (717) 233-4101
                                                 Facsimile: (717) 233-4103
                                                 Email: donr@capozziadler.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2023 a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  <u>/s/ *Mark K. Gyandoh*_____</u>
          Mark K. Gyandoh, Esq.