IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRENDA L. LUCERO, HEATHER BARTON, ILONA
KOMPANIIETS, and CYNTHIA HURTADO,
individually and on behalf of all others similarly
situated,

                Plaintiffs,

  v.

CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF DIRECTORS OF
THE CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF TRUSTEES OF
RETIREMENT PLANS, THE PLAN
ADMINISTRATIVE COMMITTEE, and
JOHN DOES 1-30,

                Defendants.

OPINION and ORDER

22-cv-208-jdp

---

Plaintiffs seek reconsideration of the order denying their motion for class certification and dismissing three of the plaintiffs for lack of standing. Dkt 109. Plaintiffs previously sought review of that decision under Federal Rule of Civil Procedure 23(f), but the court of appeals denied that petition. Dkt. 116.

The court will deny the motion for reconsideration on class certification for three reasons. First, plaintiffs don't contend that the court misapplied the law, and they don't identify any other errors with the court's decision based on the information plaintiffs provided in their class certification motion. Instead, they contend that they have new evidence showing that class certification is appropriate. But they don't explain why they couldn't have obtained that evidence sooner. For example, plaintiffs don't allege that defendants hid relevant information or otherwise prevented them from obtaining discovery. Plaintiffs also don't explain why they didn't seek an extension of time to move for class certification if they believed that

they didn't have enough information to satisfy Rule 23 requirements. "It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). So the court declines to consider plaintiffs' new evidence.

Second, plaintiffs' new proposed class definition is inconsistent with circuit precedent. They propose a class of plan participants who "paid unreasonable fees" from 2016 to the present Dkt. 110, at 8. But "classes that are defined in terms of success on the merits—so-called 'fail-safe classes'—are . . . not properly defined." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015). Plaintiffs' proposed class definition suffers from this problem because it will require a merits determination of what qualifies as an unreasonable fee before it can be determined which plan participants are members of the class.

Third, the new proposed definition ignores a fundamental problem that the court identified with the original definition. Specifically, the court observed in the order denying class certification that plaintiffs failed to account for the fact that defendants changed the way they determined record keeping fees in 2021. Dkt. 104, at 7–8, 13–14. At a minimum, this change would require a subclass of individuals who participated in the plan after 2021, but all of the named plaintiffs had withdrawn from the plan by then, so they could not represent such a class. *Id.* at 13–14. In their motion for reconsideration, plaintiffs do not propose a subclass, identify new class representatives, or otherwise address the changes that defendants made in 2021. So even if the court were inclined to give plaintiffs a second chance, their new motion would fail.

Plaintiffs also challenge the court's determination that they failed to show that plaintiffs Barton, Kompaniiets, and Hurtado have standing to sue. In defendants' brief opposing class

2

certification, defendants argued that these three plaintiffs lacked standing because they all paid fees within a range that plaintiffs had conceded was reasonable. Plaintiffs' only response to this argument was that the individual plaintiffs weren't required to show injury because they were suing on behalf of the plan as a whole. That argument was inconsistent with basic standing principles that require all plaintiffs to show an injury. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Plaintiffs had not identified such an injury for Barton, Kompaniiets, and Hurtado, so the court dismissed their claims.

Plaintiffs now contend that Barton, Kompaniiets, and Hurtado *were* injured: "While the fees they paid may have fallen within the dollar-amount range of fees initially identified as reasonable in Plaintiffs' Complaint, they still would have paid less had Defendants not breached its fiduciary duty to monitor all fees paid by participants and applied a reasonable fee schedule." Dkt. 110, at 22. This argument comes too late. The court made the following observation in its previous order: "[P]laintiffs don't contend either that the fees Barton, Kompaniiets, and Hurtado paid were unreasonable or that they would have paid even lower fees in the absence of a breach of fiduciary duty. So plaintiffs forfeited those arguments." Dkt. 104, at 4. Plaintiffs point to nothing in their class certification materials that preserved the issue they are raising now, so the court declines to reinstate the dismissed plaintiffs.

One more issue requires attention. When plaintiffs filed their Rule 23(f) petition, the summary judgment deadline was imminent, so Magistrate Judge Crocker struck the schedule. Dkt. 107. Now that the court of appeals has denied the petition, plaintiff Lucero can proceed with her claim. The court will set a new deadline for dispositive motions. If no party files a dispositive motion by the deadline, the court will set the rest of the schedule then. If either

3

party files a dispositive motion, the court will reset the rest of the schedule after ruling on the motion or motions, if necessary.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for reconsideration, Dkt. 109, is DENIED.

2. The new deadline for filing a dispositive motion is March 22, 2024. The court will reset the remainder of the schedule later, if necessary.

Entered February 22, 2024.

                                             BY THE COURT:

                                             /s/

                                           _____
                                           JAMES D. PETERSON
                                           District Judge