IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRENDA L. LUCERO, HEATHER BARTON, ILONA
KOMPANIIETS, and CYNTHIA HURTADO,
individually and on behalf of all others similarly
situated,

                Plaintiffs,

v.

CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF DIRECTORS OF
THE CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF TRUSTEES OF
RETIREMENT PLANS, THE PLAN
ADMINISTRATIVE COMMITTEE, and
JOHN DOES 1-30,

                Defendants.

OPINION and ORDER

22-cv-208-jdp

---

      This is a proposed class action under the Employment Retirement Income Security Act (ERISA) regarding the reasonableness of recordkeeping fees for a multiple-employer retirement plan. The court denied plaintiffs' first motion for class certification, Dkt. 104, but while the parties were briefing defendants' summary judgment motion on the individual claims, the parties jointly moved for certification of a smaller class and for preliminary approval of a proposed settlement. Dkt. 200. The court denied that motion without prejudice but gave the parties an opportunity to address several concerns raised by the court. Dkt. 209.

      The parties have responded to the court's order in different ways. Defendants say that the parties' settlement agreement is "null and void" in light of the court's order, they express doubt that they can address the court's concerns, and they ask the court to set a new deadline for completing briefing on defendants' summary judgment motion. Dkt. 210. Plaintiffs say that the settlement agreement remains enforceable until the court definitively rejects it, they believe

they can address the court's concerns in the order denying preliminary approval, and they ask for two things: (1) an extension of the deadline to file a renewed motion for preliminary approval to allow the parties an opportunity to resolve their disputes; and (2) a conference with the court to discuss unspecified issues. Dkt. 211.

The court agrees with plaintiffs that it is premature to abandon the settlement process. Plaintiffs are correct that the court did not reject any portion of the settlement. Rather, the court raised several questions requiring additional explanation. Defendants do not explain in their response why they "do not believe they would be able to cure the issues raised in the Court's March 18, 2025 Order without materially modifying the terms of the settlement, if they were curable at all." Dkt. 210, at 1–2. Defendants also do not explain why, if modification is needed, they have not considered that possibility. So the court will grant plaintiffs' request to set a new deadline for a motion for class certification and preliminary approval to give the parties an opportunity to continue negotiating. If the parties cannot resolve their disagreement by the new deadline, each side may request whatever relief it believes is appropriate at that time.

The court will deny without prejudice plaintiffs' request for a conference. The court has no objection to holding a conference to help the parties resolve disputes, but plaintiffs identify no purpose for the conference other than to "discuss" issues. The presiding judge is not involved in settlement negotiations. If the parties want assistance with that, they should contact the clerk's office and set up a mediation session with Magistrate Judge Andrew Wiseman. If the parties have a specific issue they want the court to address, they can raise that issue in a motion. If they want a conference, they should explain why a conference is needed and lay out with reasonable specificity the issues they want to address at the conference.

ORDER

IT IS ORDERED that the parties may have until July 15, 2025, to file a renewed motion for preliminary approval, file a motion seeking other relief, or show cause why they are unable to do either.

Entered May 12, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge