BRENDA L. LUCERO, HEATHER BARTON, )
ILONA KOMPANIIETS and CYNTHIA )
HURTADO, individually and on behalf of all )
others similarly situated, )
                                            )
                Plaintiffs, )
           v. )  CIVIL ACTION NO.: 3:22-cv-00208-jdp
                                            )
CREDIT UNION RETIREMENT PLAN )
ASSOCIATION, THE BOARD OF DIRECTORS )
OF THE CREDIT UNION RETIREMENT PLAN )
ASSOCIATION, THE BOARD OF TRUSTEES )
OF RETIREMENT PLANS, THE PLAN )
ADMINISTRATIVE COMMITTEE, and JOHN )
DOES 1-30. )
                                            )
                Defendants. )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND, IN THE ALTERNATIVE, DEFENDANTS' RENEWED
<u>MOTION TO PROCEED WITH SUMMARY JUDGMENT</u>**

Defendants Credit Union Retirement Plan Association, the Board of Directors of the

Credit Union Retirement Plan Association, the Board of Trustees of Retirement Plans, and the

Plan Administration Committee ("Defendants") (a) submit this response to Plaintiff's Renewed

Motion for Preliminary Approval of Class Action Settlement and, in the alternative, (b) move to

renew their motion to proceed with summary judgment, should the Court not approve the

settlement as submitted by Plaintiffs:

## <u>INTRODUCTION</u>

The parties entered into a Settlement Agreement on or about August 16, 2024 and sought

the Court's preliminary approval of that settlement. Carrying out its obligation to review the

class settlement for fairness under Federal Rule of Civil Procedure 23(e), the Court raised a

number of concerns about the settlement as proposed and denied preliminary approval of the

settlement. Plaintiffs' counsel prepared a renewed motion to address those concerns but Defendants remain concerned that the Court may not be satisfied by at least one of Plaintiffs' responses such that the Settlement Agreement as negotiated may not be approved in its current form. Defendants therefore submit this response to advise the Court of the potential issue and, should the Court not approve the settlement as submitted, in the alternative, renew their motion to proceed with summary judgment.

## PROCEDURAL BACKGROUND

Plaintiffs, participants in the Credit Union Retirement Plan Association 401(k) Plan (the "Plan"), filed their putative class action complaint on April 12, 2022 (amended on December 5, 2023), alleging that Defendants breached fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by causing the Plan to pay too much for recordkeeping and administrative services. The Plan is a multiple employer plan comprised of participants from various employers who participate in the Plan. ECF No. 104, at 1.[1]

On July 14, 2023, Plaintiffs filed a Motion for Class Certification. ECF No. 46. Plaintiffs sought to certify the following class:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Credit Union Retirement Plan association 401(k) Plan, at any time between April 12, 2016, through the date of judgment ( the "Class Period.")

ECF No. 46, at 1. On January 9, 2024, the Court denied Plaintiffs' motion. ECF No. 104. The Court concluded that the class could not be certified because the individual participating employers negotiated their recordkeeping fees, which resulted in a wide range of fees charged to

---

[1] Plaintiffs Lucero, Barton, and Hurtado were participants of the Plan as adopted by FirstLight Federal Credit Union and Plaintiff Kompaniiets was a participant of the Plan as adopted by California Coast Credit Union.

participants. ECF No. 104, at 13. The Court also observed that the Plan changed the way it assessed recordkeeping fees in 2021, after all Plaintiffs left the Plan. ECF No. 104, at 13-14. Thus, the Court concluded that the proposed class did not satisfy Rule 23's typicality and adequacy requirements.[2] ECF No. 104, at 11, 13. The Court denied Plaintiffs' motion to reconsider that order on February 22, 2024. ECF No. 132.

In August 2024, the parties reached a settlement and entered into a Class Action Settlement Agreement ("Settlement Agreement"). On August 16, 2024, Plaintiffs filed an unopposed motion seeking approval of the settlement, including certification of a settlement class. ECF No. 200. The settlement class was limited to participants in the Plan as adopted by Plaintiffs' two employers who participated in the Plan through the date the court entered preliminary approval. The proposed settlement class was defined as:

> All Persons, except Defendants and their immediate family members, who have been participants or beneficiaries of the Credit Union Retirement Plan Association 401(k) Plan as adopted by FirstLight Federal Credit Union or California Coast Credit Union (the "Class Plan") from April 12, 2016 through the date of the Preliminary Approval Order, and any Alternate Payee of a Person subject to a QDRO who participated in the Class Plan at any time from April 12, 2016 through the date of the Preliminary Approval Order.

ECF No. 201, at 12. Court approval of the settlement was a condition to the settlement. Settlement Agreement, Section 2.1.a. ECF No. 202-1 ("Settlement Agreement"). The parties agreed that, if the Court were to deny approval, that denial rendered the Settlement Agreement void. Settlement Agreement, Section 19.1.b.

---

[2] The Court also concluded that Plaintiffs Barton, Kompaniiets, and Hurtado lacked standing because the recordkeeping fees they were charged were within the range that Plaintiffs alleged were reasonable and they, therefore, lacked any injury in fact. ECF No. 104, at 4–5.

On March 18, 2025, the Court denied the motion for preliminary approval of the class settlement. ECF No. 209. Among other issues, the Court raised concerns about the adequacy of plaintiffs as class representatives because they did not participate in 2021 and later, when the Plan changed the way it assessed recordkeeping fees. ECF No. 209, at 3.

Given the substance of the issues raised by the Court in approving the Settlement as-is, Defendants advised Plaintiffs' counsel that they did not believe the Court's concerns were curable without material modification to the settlement and that Defendants intended to move forward with their motion for summary judgment. On May 6, 2025, Defendants filed a notice with the Court advising of its position. ECF No. 210. Because the Court had denied a condition precedent to the Settlement Agreement, Defendants advised the Court that the Settlement Agreement was null and void. ECF No. 210, at 1 n.1. Plaintiffs filed a counter notice on May 8, 2025 suggesting that it was premature to abandon the settlement process. ECF No. 211.

On May 12, 2025, the Court entered an order, agreeing that it was premature at that point to abandon the settlement process. ECF No. 212. The Order reasoned: "Defendants do not explain in their response why they 'do not believe they would be able to cure the issues raised in the Court's March 18, 2025 Order without materially modifying the terms of the settlement, if they were curable at all.' Dkt. 210, at 1-2. Defendants also do not explain why, if modification is needed, they have not considered that possibility." ECF No. 212, at 2.

"[T]o give the parties an opportunity to continue negotiating," the Court extended the deadline to July 15, 2025 for the parties to file a renewed motion for class certification, or, if parties were unable to resolve their disagreement, to file a motion requesting whatever relief it believes appropriate. ECF No. 212, at 2.

4

## CONTINUED SETTLEMENT EFFORTS

Following entry of the May 12, 2025 Order, counsel for Plaintiffs and Defendants conferred about settlement. Having not heard anything from Plaintiffs' counsel following entry of the May 12, 2025 Order, Defendants reached out to Plaintiffs' counsel to schedule a settlement call. During a videoconference on June 12, 2025, counsel for Defendants invited a revised settlement demand from Plaintiff for a modified settlement which would address the Court's concerns that Defendants did not believe were curable. Instead of proposing a revised demand, Plaintiffs' counsel suggested that they would send a draft pleading the following week in which they contended would address all of the Court's concerns in denying approval of the settlement without having to modify the settlement.

On July 8, Plaintiff sent a draft legal memorandum containing arguments in response to the Court's concerns about the settlement. Defendants believe that the renewed motion may not adequately address a key concern of the Court—specifically, Plaintiffs' ability to represent plan participants after 2021 when the fee schedule changed. Counsel for Defendants sent an email to Plaintiffs' counsel advising of Defendants' position.

On July 14, the parties had a further discussion about Defendants' position, but Plaintiff's counsel still did not provide a revised settlement demand with a lower settlement payment that would account for a narrowed pool of plan participants included in the settlement.

## RESPONSE TO PLAINTIFF'S MOTION

Although Defendants believe that Plaintiffs' renewed motion adequately addresses many of the Court's concerns raised in its March 18, 2025 Order, Defendants are concerned that it does not adequately address the Court's issue about Plaintiffs' ability to represent members of a class after 2021 when the recordkeeping fee schedule changed.

In the Court's January 9, 2024 Order denying class certification, the Court concluded that the change in fee schedule in 2021 made Plaintiffs' claims not typical of the class and made Plaintiffs not adequate representatives of the class:

> But even if the court assumes that there wouldn't be significant differences in the claims of individuals who participated in the plan from 2021 to the present, the court could not certify such a class because none of the plaintiffs would be a member of it. It's undisputed that all of the plaintiffs withdrew from the plan before 2021, so none were charged fees under the new process. "[T]here must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano*, 633 F.3d at 586. Any claims arising after 2021 would be based on a significantly different fee structure from the one used for plaintiffs, so plaintiffs' claims would not be typical of the class, and plaintiffs would not be adequate representatives of such a class.

ECF No. 104, at 13–14.

In the Court's February 22, 2024 Order denying Plaintiffs' motion for reconsideration of the Order denying class certification, the Court again reiterated its concern with Plaintiffs' ability to represent a class of participants in the Plan after the fee schedule changed.

> Specifically, the court observed in the order denying class certification that plaintiffs failed to account for the fact that defendants changed the way they determined record keeping fees in 2021. Dkt. 104, at 7-8, 13-14. At a minimum, this change would require a subclass of individuals who participated in the plan after 2021, but all of the named plaintiffs had withdrawn from the plan by then, so they could not represent such a class. Id. at 13-14. In their motion for reconsideration, plaintiffs do not propose a subclass, identify new class representatives, or otherwise address the changes that defendants made in 2021. So even if the court were inclined to give plaintiffs a second chance, their new motion would fail.

ECF No. 132, at 2.

The Court's March 18, 2025 Order denying Plaintiffs' unopposed motion for preliminary approval of class settlement reemphasized this concern. The Court observed that the motion did "not directly address the question [of] whether the named plaintiffs can be adequate class

representatives regarding a time period during which they were not plan participants." ECF No. 209, at 3.

Plaintiffs' renewed motion includes authority about the ability of a named plaintiff to represent a class of plan participants even if the named plaintiff herself was not a participant during the entire class period. But, Defendants are concerned that these cases may not adequately address the Court's question about the ability of the named Plaintiffs to represent participants in the Plan after the change in the way Plan recordkeeping fees were determined in 2021.

This concern is one that prompted Defendants to advise Plaintiffs and the Court that Defendants did not believe the Court's issues were curable without a material modification to the Settlement Agreement. ECF No. 210.

In line with the Court's suggestion in its May 12, 2025 Order, Defendants requested a revised settlement demand from Plaintiffs' counsel to consider a narrowed settlement. To date, Plaintiffs' counsel has not provided one and indicated that it would not be willing to accept a narrowed settlement at this point.

## **CONCLUSION**

Should the Court conclude that Plaintiffs' motion does not sufficiently address the concerns it raised when denying the original motion for preliminary approval of class settlement, Defendants request that the Court allow it to proceed with their motion for summary judgment

(ECF No. 134) which was originally filed on March 22, 2024 and be granted a date by which they should file their reply brief and any related papers.

Respectfully submitted,

**CREDIT UNION RETIREMENT PLAN ASSOCIATION, BOARD OF DIRECTORS OF CREDIT UNION RETIREMENT PLAN ASSOCIATION, BOARD OF TRUSTEES OF RETIREMENT PLANS, AND PLAN ADMINISTRATION COMMITTEE**

By: s/ Lynn Estes Calkins_____
One of Their Attorneys

Lynn Estes Calkins
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 457-7041
lynn.calkins@hklaw.com

Chelsea Ashbrook McCarthy
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 715-5768
chelsea.mccarthy@hklaw.com