IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRENDA L. LUCERO, HEATHER BARTON, ILONA
KOMPANIIETS, and CYNTHIA HURTADO,
individually and on behalf of all others similarly
situated,

                Plaintiffs,

  v.

CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF DIRECTORS OF
THE CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF TRUSTEES OF
RETIREMENT PLANS, THE PLAN
ADMINISTRATIVE COMMITTEE, and
JOHN DOES 1-30,

                Defendants.

OPINION and ORDER

22-cv-208-jdp

---

        Plaintiffs are former participants of the Credit Union Retirement Plan Association 401(k) Plan, a multiple-employer plan. Plaintiffs contend that several entities involved in administering the plan failed to control recordkeeping costs and thus breached their fiduciary duties under the Employee Retirement Income Security Act (ERISA).

        Plaintiffs previously moved for two things: (1) to certify a class encompassing anyone who participated from April 2016 to the present in the plan as adopted by FirstLight Federal Credit Union or California Coast Credit Union (plaintiffs' former employers); and (2) to preliminarily approve a $570,000 settlement with defendants. The court denied the motions without prejudice but gave plaintiffs an opportunity to renew the motion to address several concerns. Plaintiffs now renew both motions.

        Plaintiffs have addressed most of the court's concerns, but there is still one problem that relates to the way that the settlement agreement apportions each class member's share of

the settlement. Specifically, the agreement treats everyone the same: class members will receive a pro rata share of the settlement based on their account balances at the end of each year. Dkt. 215-1, § II.C. On its face, that seems like a straightforward and fair way to apportion the settlement. The problem is that the class members are not all similarly situated. Plaintiffs admit that defendants significantly reduced recordkeeping fees at the end of 2021, so much so that damages from 2022 to the present "would be nominal." Dkt. 214, at 24.[1] That is a problem because the class includes anyone who participated in the relevant plans between 2016 to the present. Plaintiffs did not submit an estimate of post-2021 damages, so the court cannot assess what a fair apportionment for post-2021 participants would be. But plaintiffs' admission strongly suggests that participants' pro-rata share should reflect the 2021 change so that it is higher for balances before 2021 and lower for balances after 2021.

The total amount of the settlement appears to be fair, but Federal Rule of Civil Procedure 23(e)(2)(D) requires the court to consider whether a proposed settlement "treats class members equitably relative to each other." In its current form, the settlement does not appear to do that. So the parties must do two things: (1) provide at least a rough estimate of the proposed class's damages for the time period after defendants lowered their fees; and (2) modify the formula for calculating a class member's pro-rata share so that it reflects the lower fees after 2021. Alternatively, the parties may agree to exclude post-2021 participants from the class so that all members are similarly situated.

---

[1] In another part of their brief, plaintiffs state that fees after 2021 were still "far higher" than other recordkeepers, Dkt. 214, at 25, but they do not reconcile that statement with their assertion that post-2021 damages would be nominal.

The court understands that addressing the court's concern will require the parties to modify their agreement, so the court will set a deadline that gives them time to do that. If they are able to reach a new agreement before the deadline, they are free to renew their motion sooner. To streamline the process, any renewed motion for class certification and preliminary approval may focus on the issue identified in this order and may incorporate by reference portions of the previous motion that do not require revision.

## ORDER

IT IS ORDERED that the motion for class certification and preliminary approval of the settlement agreement, Dkt. 213, is DENIED without prejudice. The parties may have until December 19, 2025, to renew the motion or show cause why they are unable to do so.

Entered October 27, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge