IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRENDA L. LUCERO, HEATHER BARTON, ILONA
KOMPANIIETS, and CYNTHIA HURTADO,
individually and on behalf of all others similarly
situated,

               Plaintiffs,

   v.

CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF DIRECTORS OF
THE CREDIT UNION RETIREMENT PLAN
ASSOCIATION, THE BOARD OF TRUSTEES OF
RETIREMENT PLANS, THE PLAN
ADMINISTRATIVE COMMITTEE, and
JOHN DOES 1-30,

               Defendants.

OPINION and ORDER

22-cv-208-jdp

---

Plaintiffs are former participants of the Credit Union Retirement Plan Association 401(k) Plan, a multiple-employer plan. Plaintiffs contend that several entities involved in administering the plan failed to control recordkeeping costs and thus breached their fiduciary duties under the Employee Retirement Income Security Act (ERISA).

Plaintiffs move for a third time to certify a class and preliminarily approve a settlement with defendants. Dkt. 225. Plaintiffs' previous motion had addressed all but one of the court's initial concerns. Specifically, plaintiffs sought approval for a class encompassing anyone who participated from April 2016 to the present in the plan as adopted by FirstLight Federal Credit Union or California Coast Credit Union (plaintiffs' former employers), but plaintiffs acknowledged that defendants had significantly lowered recordkeeping fees in 2021. This suggested that class members with balances before 2021 were not similarly situated to class members with balances after 2022. So the court directed the parties to do two things:

(1) provide at least a rough estimate of the proposed class's damages for the time period after defendants lowered their fees; and (2) modify the formula for calculating a class member's pro-rata share so that it reflects the lower fees after 2021. Alternatively, the parties could exclude post-2021 participants from the class so that all members are similarly situated.

The parties chose the first option. They have: (1) created subclasses for plan participants with balances before and after fees were lowered; (2) estimated damages after 2021; and (3) revised their plan of allocation to reflect the smaller amount of damages after 2021. Dkt. 226 and Dkt. 227.

The creation of subclasses and modification of the plan of allocation addresses the court's remaining concern, so the court will certify the class and preliminarily approve the settlement. Specifically, the court finds that the parties have satisfied the requirements for class certification under Federal Rule of Civil Procedure 23(a), (b)(1), and (g). And the court concludes that it will likely be able to give final approval under Rule 23(e)(2) to the proposed settlement. The court also approves the proposed class notice.

The court provides the following guidance for preparing the motion for final approval of the settlement and for attorney fees and costs:

- The motion should address all the factors in Rule 23(e)(2) for approving the settlement.

- Any request for attorney fees based on a percentage of recovery must follow *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), which means that: (1) costs and expenses are not included in the denominator when assessing the reasonableness of attorney fees; and (2) the percentage is based on what the class members actually receive, not on what they could have received.

- The fee petition must comply with the court's procedures for fee petitions. Those procedures may be found on page 39 of the court's standard attachments, which were provided with the preliminary pretrial conference order, Dkt. 33. Among other things, the procedures require counsel to include billing records showing that their fees are reasonable.

2

- Class counsel must provide records of their litigation expenses, along with an explanation of why the expenses are reasonable. Counsel need not go line by line through their expense logs, but counsel should provide enough detail so that the court can meaningfully assess the reasonableness of the expenses. The same standard applies to the administrator's expenses. The administrator should also provide a declaration identifying those expenses and demonstrating their reasonableness.

- The parties must promptly comply with the notice requirements in 28 U.S.C. § 1715(b).

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for class certification, Dkt. 225, is GRANTED. The court certifies the following class:

   All Persons, except Defendants and their immediate family members, who have been participants or beneficiaries of the Credit Union Retirement Plan Association 401(k) Plan as adopted by FirstLight Federal Credit Union or California Coast Credit Union from April 12, 2016 through the date of the Preliminary Approval Order, and any Alternate Payee of a Person subject to a QDRO who participated in the Class Plan at any time from April 12, 2016 through the date of the Preliminary Approval Order.

2. The court also certifies the following subclasses:

   a. Individuals with accounts in the Plan as adopted by FirstLight Federal Credit Union from April 12, 2016 to December 31, 2021.

   b. Individuals with accounts in the Plan as adopted by FirstLight Federal Credit Union from January 1, 2022, to the date of the preliminary approval order.

   c. Individuals with accounts in the Plan as adopted by California Coast Credit Union from April 12, 2016, to December 31, 2021.

   d. Individuals with accounts in the Plan as adopted by California Coast Credit Union Plan from January 1, 2022, to the date of the preliminary approval order.

3. The court appoints Capozzi Adler, P.C. as class counsel.

3

4. The court approves RG/2 Claims Administration LLC as the settlement administrator.

5. The motion for preliminary approval of the settlement, Dkt. 225, is GRANTED.

6. The parties may have until April 27, 2026, to issue notice to the class members, in accordance with this opinion. The notices should give members 45 days to file an objection.

7. The parties may have until April 27, 2026, to file proof that they have complied with the notice requirements in 28 U.S.C. § 1715(b).

8. The parties may have until July 13, 2026, to file a motion for final approval and a motion for fees and costs. If no class member objects to the settlement, the parties may also move at this time to hold the fairness hearing by video conference.

9. The court will hold a fairness hearing on August 28, 2026, in Courtroom 260 at 2:00 p.m. unless otherwise ordered by the court.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge