EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

BRENDA L. LUCERO, HEATHER BARTON, ILONA KOMPANIIETS and CYNTHIA HURTADO, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF DIRECTORS OF THE CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF TRUSTEES OF RETIREMENT PLANS, THE PLAN ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-30,

Defendants.

CIVIL ACTION NO.: 3:22-cv-00208-jdp

**DECLARATION OF MELISSA E. BALDWIN**

My name is Melissa E. Baldwin, and I am over the age of eighteen (18) years. I make this declaration under the penalty of perjury, free and voluntarily, under no coercion, threat, or intimidation, and without promise of benefit or reward, based on my own personal knowledge. If called to testify, I could and would testify consistent with the matters stated herein.

1. I am the Director of Claims Administration for RG/2 Claims Administration LLC ("RG/2 Claims"), whose address is 30 South 17th Street, Philadelphia, PA 19103, the independent third-party settlement administrator retained as Settlement Administrator, and approved by the Court, in the Opinion and Order granting preliminary approval of the Class Action Settlement dated March 30, 2026.

2. RG/2 Claims is a full-service class action settlement administrator offering notice, claims processing, allocation, distribution, tax reporting, and class action settlement consulting services. RG/2 Claims' experience includes the provision of notice and administration services for settlements arising from antitrust, data security breach, consumer, civil rights, employment, negligent disclosure, and securities fraud allegations. Since 2000, RG/2 Claims has administered

and distributed in excess of $2 billion in class action settlement proceeds. A detailed description of RG/2 Claims' background and capabilities, including lists of representative cases and clients, was previously submitted to the Court. *See* ECF No. 216, pages 6 through 15 (Exhibit A to RG/2 Declaration).

3. RG/2 Claims is handling various settlement administration activities in this matter. Among other things, it has established a Qualified Settlement Fund, created a settlement website, undertaken the Notice Plan, corresponds with Class Members, will effectuate the Plan of Allocation, will coordinate payments to Class Members from the Settlement, and is responsible for all required tax reporting.

4. Consistent with the foregoing, RG/2 Claims established a Qualified Settlement Fund, entitled Lucero, et al. v. Credit Union Retirement Plan Assoc., et al. Settlement Fund, at the Huntington National Bank. Initial funding of $100,000 was received from the Defendant.

5. RG/2 Claims also created a website with the URL www.CreditUnionERISASettlement.com, which went live on May 7, 2026 and contained the following:

a. The "Homepage" containing a brief summary of the Settlement that advises potential Settlement Class Members of their rights under the Settlement;

b. The "Court Documents" page containing various documents filed with the Court for this Settlement, such as the Plaintiffs' Memorandum of Law in Support of Second Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement, Granting Class Certification for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation and Scheduling a Date for a Fairness Hearing, the Class Action Settlement Agreement, the Plan of Allocation, and the Opinion and Order Granting Preliminary Approval of Class Action Settlement;

c. The "Class Notice" page including a copy of the Notice of Pendency of Class Action and Proposed Settlement;

d. The "Contact Us" page containing the contact information of the Settlement Administrator including an email address, CreditUnionERISASettlement@rg2claims.com, at which RG/2 Claims has received 1 email from a Class Member, and the contact information for Class Counsel including mailing address, email addresses, and phone numbers.

6. I am also responsible for, and actively involved in, handling the administration of the notice of this matter.

7. On April 21, 2026, RG/2 Claims received secure files from Holland & Knight LLP, Counsel for the Defendant, containing the names, mailing addresses and email addresses for the Class Members during the Class Period. The data contained a total of 3,014 Class Members.

8. On May 7, 2026, RG/2 Claims arranged for the Notice to be emailed to the 2,645 Class Members identified in the data with email addresses. Notice was mailed, via United States Postal Service ("USPS") First-Class mail, to the 369 Class Member for whom email addresses were not available. Prior to mailing the Notice, the Class Member addresses were processed through the USPS National Change of Address Database and updated where a new address was provided. A sample of the Notice is attached hereto as **Exhibit A**.

9. Of the 2,645 emailed Notices, 2,149 were delivered successfully. RG/2 Claims caused to be served via First Class mail the Notice to 496 Settlement Class Members for whom emails were either invalid or unsuccessful.

10. Through the date of this declaration, RG/2 Claims has received 25 of the mailed Notices returned as undeliverable by the USPS. Through standard skip-tracing procedures, RG/2 Claims mailed new Notices to 23 Settlement Class Members for whom updated addresses were located.

11. The Notice advised Class Members of their right to object to the Settlement and that their objection must be filed with the Court by June 22, 2026. That gave Class Members 46 days to file an objection. RG/2 Claims has not received any Objections as of the date of this declaration.

12. Through the date of this declaration, RG/2 Claims has incurred fees and costs in the administration of the Notice and the Settlement for services that include, but are not limited to, reviewing and cleansing the Class Member data, emailing and mailing Notice, responding to Class Member inquiries, and establishing a Qualified Settlement Fund account. The fees and costs to-date are $14,001.00. We anticipate that the additional costs and expenses incurred through the distribution and post-distribution of this matter will total $6,518.00. Therefore, RG/2 Claims' total fees and expenses in this matter are expected to be approximately $20,519.00.

13. As described herein, these fees are, and will be, for services necessary to properly effectuate this Settlement. Our expenses are well within the range typical for administering class action settlements. I base this on my and RG/2 Claims' knowledge of the settlement administration industry and experience handling dozens of similar settlements. A couple of examples also support this assertion. For instance, in the case of *Karpik v. Huntington Bancshares Inc.*, No. 17-cv-1153, 2019 WL 7482134, at * 9 (S.D. Ohio Feb. 18, 2021), the court found that the settlement administrator's rate of $89,714.00 for mailing 38,846 Notices was "reasonable in relation to the size of the class." And in *Nguyen v. Westlake Servs. Holding Co*., the case involved "$24,996.63 in settlement administration costs." *Nguyen,* 2025 WL 2087575, at *9. RG/2's efforts and success rate thus justify the amount they are charging to administer this litigation.

I further declare under penalty of perjury pursuant to the laws of the State of Pennsylvania and the United States of America that the above is true and correct and that this declaration was executed on July 13, 2026 at Philadelphia, Pennsylvania.

Melissa Baldwin

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| BRENDA L. LUCERO, HEATHER BARTON, ILONA KOMPANIIETS and CYNTHIA HURTADO, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO.: 3:22-cv-00208-jdp |
| CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF DIRECTORS OF THE CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF TRUSTEES OF RETIREMENT PLANS, THE PLAN ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-30, | ) | |
| Defendants. | ) | |

# NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

**If you were a participant in the Credit Union Retirement Plan Association 401(k) Plan as adopted by FirstLight Federal Credit Union or California Coast Credit Union from April 12, 2016 through March 30, 2026 ("Class Plan"), you may benefit from this class action settlement.**

***A Federal Court authorized this notice. This is not a solicitation from a lawyer.***

This notice advises you of a settlement (the "Settlement") of a lawsuit against the Credit Union Retirement Plan Association, the Board of Directors of the Credit Union Retirement Plan Association, the Board of Trustees of Retirement Plans, and the Plan Administration Committee, (collectively, "Defendants"). In the lawsuit, Plaintiffs allege various claims related to the operation of the Class Plan. Plaintiffs claim that the Class Plan fiduciaries failed to prudently monitor the recordkeeping fees charged to Class Plan participants. Recordkeeping in simple terms refers to the suite of administrative services provided to retirement plan participants that generally includes provision of account statements to participants. Defendants deny all the allegations in the lawsuit and contend that their conduct was entirely proper.

**YOU SHOULD READ THIS ENTIRE NOTICE CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED, WHETHER YOU ACT OR NOT.**

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION

1. Why did I get this Notice? .......... 1
2. What is this Lawsuit about? .......... 1
3. What is a class action lawsuit? .......... 2
4. Why is there a Settlement? .......... 2
5. How do I get more information about the Settlement? .......... 2
6. Who will administer the Settlement? .......... 2

### THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

7. What does the Settlement provide? .......... 2
8. How may I benefit from the Settlement? .......... 3
9. What are the Class Representatives receiving from the Settlement? .......... 3

### THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

10. What do I give up by participating in the Settlement? .......... 4

### THE LAWYERS REPRESENTING YOU

11. Do I have a lawyer in this case? .......... 4
12. How will the lawyers (Class Counsel) be paid? .......... 4

### OPTING OUT OF THE SETTLEMENT

13. Can I exclude myself from the Class? .......... 4

### OBJECTING TO THE SETTLEMENT

14. What does it mean to object? .......... 4
15. What is the procedure for objecting to the Settlement? .......... 5

### THE COURT'S FAIRNESS HEARING

16. When/where will the Court decide whether to approve the Settlement? .......... 5
17. Do I have to attend the Fairness Hearing? .......... 6
18. May I speak at the Fairness Hearing? .......... 6

### IF YOU DO NOTHING

19. What happens if I do nothing at all? .......... 6

## BASIC INFORMATION

### 1. Why did I get this Notice?

You are receiving this notice because the Plan's records indicate that you fit one or more of the following settlement class and sub-class definitions certified by the Court:

**Certified Class**

> All Persons, except Defendants and their immediate family members, who have been participants or beneficiaries of the Credit Union Retirement Plan Association 401(k) Plan as adopted by FirstLight Federal Credit Union or California Coast Credit Union from April 12, 2016 through March 30, 2026, and any Alternate Payee of a Person subject to a QDRO who participated in the Class Plan at any time from April 12, 2016 through March 30, 2026.

**Certified Subclasses:**

1. Individuals with accounts in the Plan as adopted by FirstLight Federal Credit Union from April 12, 2016 to December 31, 2021.

2. Individuals with accounts in the Plan as adopted by FirstLight Federal Credit Union from January 1, 2022 to March 30, 2026.

3. Individuals with accounts in the Plan as adopted by California Coast Credit Union from April 12, 2016 to December 31, 2021.

4. Individuals with accounts in the Plan as adopted by California Coast Credit Union Plan from January 1, 2022 to March 30, 2026.

As such, your rights will be affected by the Settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement agreement if you disagree with its terms, and the deadline to object to the proposed settlement.**

### 2. What this Lawsuit is about?

A lawsuit was filed in the United States District Court for the Western District of Wisconsin that alleged that Defendants violated ERISA with respect to the Credit Union Retirement Plan Association 401(k) Plan. The individuals who are pursuing the lawsuit ("Plaintiffs") claim that Defendants caused the Credit Union Retirement Plan Association 401(k) Plan's participants to pay too much for recordkeeping and administrative expenses.

Defendants deny the allegations in the lawsuit and contend that their conduct was entirely proper. Defendants have asserted, and would assert should the litigation continue, a number of defenses to Plaintiffs' claims.

### 3. What is a class-action lawsuit?

In a class-action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who have similar claims. One court resolves all the issues for all class members in a single lawsuit. In total, four participants in the Class Plan are the class representatives in this lawsuit.

### 4. Why is there a Settlement?

The Parties have agreed to the Settlement after extensive negotiations. By agreeing to the Settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other members of the Settlement Class will receive compensation and other benefits. Class Counsel have conducted a review of the evidence in the case and the potential risks and benefits of continued litigation and believe that the Settlement is in the best interest of the class. The Court has not made any findings that Defendants have done anything wrong or violated any law or regulation.

An independent fiduciary will be retained to evaluate the fairness of the Settlement to the Class Plan.

### 5. How do I get more information about the Settlement?

This notice is only a summary of the lawsuit and the proposed Settlement. It is not a complete description of the lawsuit or the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement, which is available at www.CreditUnionERISAsettlement.com. You may also obtain a copy by contacting Class Counsel (see answer to question 11), or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

If you have questions about this notice or the proposed Settlement, you may contact Class Counsel (see answer to Question 11).

**Do not contact the Court or the Defendants for information about the Settlement. The Settlement Administrator or Class Counsel can answer any questions you may have about the proposed Settlement.**

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

### 6. Who will administer the Settlement?

The Settlement Administrator, RG/2, will administer the Settlement. You may contact the Settlement Administrator by: (a) sending a letter to Credit Union Retirement Plan Association 401(k) Settlement Administrator, c/o RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479; (b) sending an e-mail to settlement@capozziadler.com (writing "Credit Union" in the subject line); (c) visiting the Settlement website at www.Credit UnionERISAsettlement.com; or (d) calling toll-free at (866) 742-4955.

### 7. What does the Settlement provide?

Plaintiffs and Defendants have agreed to a settlement that involves monetary payments to

participants. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated August 15, 2024 ("Settlement Agreement"), and described briefly below.

As part of the Settlement, Defendants have agreed to make a one-time payment of $570,000.00 (the "Gross Settlement Amount"). Class Counsel intends to ask the Court to approve up to one-third of $475,000 (which is the amount set aside to distribute to the Settlement Class), or $158,317.50 for its attorneys' fees.

Class Counsel will also seek reimbursement for litigation expenses actually incurred and necessary for the prosecution of the litigation, including the pre-litigation investigation period, not to exceed $95,000.00, which also shall be recovered from the Gross Settlement Amount. In addition, Class Counsel will ask the Court to approve Class Representatives' Case Contribution Awards not to exceed $10,000.00 each for Class Representatives Brenda L. Lucero, Heather Barton, Ilona Kompaniiets and Cynthia Hurtado, which amounts shall also be recovered from the Gross Settlement Amount.

Accordingly, the amount that will be available for distribution to Class Members ("Net Settlement Amount") will be the Gross Settlement Amount minus the amounts used for other approved settlement purposes (Case Contribution Awards, Court-approved Attorneys' Fees and Expenses to Class Counsel, Administrative Expenses, and certain taxes and tax-related costs).

### 8. How may I benefit from the Settlement?

You may be entitled to receive a portion of the Net Settlement Amount. The amount paid to each eligible Class Member will be determined by a Plan of Allocation approved by the Court and posted to the Settlement Website.

Whether or not a person meets the definition of an eligible Class Member will be based on the Class Plan's records. You have received this notice because, based on the Class Plan's records, you are believed to be a member of the Settlement Class. If you are a Class Plan participant, or Beneficiary or Alternate Payee of a participant and you have an Active Account in the Class Plan, you do not need to take any action in order to receive payment under the Settlement.

Payments made to participants, or to beneficiaries or alternate payees of a participant who have Active Accounts in the Class Plan shall be made into these persons' individual investment accounts in the Class Plan. If you are a Former Participant, or a Beneficiary or Alternate Payee of a Former Participant and you do not have an Active Account in the Class Plan, you will be sent a check.

### 9. What are the Class Representatives receiving from the Settlement?

The Class Representatives will be entitled to receive benefits of the Settlement because they are Settlement Class Members. Plaintiffs will make an application to the Court to approve Case Contribution Awards not to exceed $10,000.00 each for Class Representatives Brenda L. Lucero, Heather Barton, Ilona Kompaniiets and Cynthia Hurtado for their service in the Action. It is up to the Court whether to grant any or all of the requested amount.

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

### 10. What do I give up by participating in the Settlement?

In exchange for Defendants' payment of the Gross Settlement Amount, all Settlement Class Members will release any claims they have related to the lawsuit and be prohibited from bringing or pursuing any other lawsuits or other actions based on such claims.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel. (See answer to question 5 for details.)

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

Yes. The Court has appointed the law firm of Capozzi Adler, P.C. as Class Counsel. You will not be charged for the work of these lawyers. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

### 12. How will the lawyers (Class Counsel) be paid?

Class Counsel will ask the Court for an award of attorneys' fees of up to $158,317.50 and expenses of $95,000 based upon the value of the Settlement, the time they have devoted to this engagement, and the expenses they have advanced in prosecuting this matter. The motion and supporting papers for this request will be filed on or before **July 13, 2026**. After that date you may review the motion and supporting papers at www.CreditUnionERISAsettlement.com. Any attorneys' fees and expenses, in addition to the fee and the expenses incurred by the Settlement Administrator in sending this notice and administering the Settlement, will be paid from the Gross Settlement Amount.

## OPTING OT OF THE SETTLEMENT

### 13. Can I exclude myself from the Settlement Class?

No. The Settlement does not allow any Settlement Class Members to exclude themselves from the settlement or decide not to be a part of the Settlement. While some class-action settlements allow class members to "opt out" of the settlement, because of the nature of the claims Plaintiffs have asserted in this lawsuit, Settlement Class Members do not have any right to opt out. Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the lawsuit for all claims that were asserted in the Action or are otherwise included as Released Claims as defined in the Settlement Agreement.

If you dislike some portion of the settlement, your only recourse is to object to the settlement. If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement.

## OBJECTING TO THE SETTLEMENT

### 14. What does it mean to object?

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is

approved by the Court.

**15. What is the procedure for objecting to the Settlement?**

Prior to the Fairness Hearing discussed below, Settlement Class Members will have the opportunity to object to approval of the Settlement, including Plaintiffs' request for attorneys' fees, expenses, and case contribution awards. Settlement Class Members can object to the Settlement and give reasons why they believe that the Court should not approve it. To object, you must send your objection to the Court, at Clerk of Court, U.S. District Court for the Western District of Wisconsin, 120 North Henry Street, Room 320, Madison, WI 53703, and to the Parties at the following addresses:

To Class Counsel:
Mark K. Gyandoh
Capozzi Adler P.C.
312 Old Lancaster Road
Merion Station, PA 19066

To Defendants' Counsel:
Lynn E. Calkins
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006

Objections must be filed with the Court Clerk on or before **June 22, 2026**. Objections filed after that date will not be considered. Any Settlement Class Member who fails to submit a timely objection will be deemed to have waived any objection they might have, and any untimely objection will be barred absent an order from the Court. Objections must include: (1) the case name and number; (2) your full name, current address, telephone number, and signature; (3) a statement that you are a Settlement Class Member and an explanation of the basis upon which you claim to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support known to you or your counsel; (5) a statement as to whether you or your counsel intends to personally appear and/or testify at the Fairness Hearing; and (6) a list of any persons you or your counsel may call to testify at the Fairness Hearing in support of your objection.

## THE COURT'S FAIRNESS HEARING

**16. When/where will the Court decide whether to approve the Settlement?**

The Court has granted preliminary approval of the proposed Settlement, finding that it is sufficiently reasonable to warrant such preliminary approval, and has approved delivery of this notice to Settlement Class Members. The Settlement will not take effect, however, until it receives final approval from the Court following an opportunity for Settlement Class Members to object to the Settlement. Following the deadline for objecting to the Settlement, the Court will hold a Fairness Hearing on **August 28, 2026** to consider any objections. The Final Fairness Hearing will take place at **2:00 pm** at the United States District Court for the Western District of Wisconsin, located at 120 North Henry Street, Room 260, Madison, WI 53703 (or may be scheduled to take place remotely or in another courtroom). The date and location of the Fairness Hearing is subject to change by Order of the Court, which will appear on the Court's docket for this case. Please continue to check the Settlement Website for updated information.

**17. Do I have to attend the Fairness Hearing?**

No; however, you are welcome to attend at your own expense. If you file an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is filed to be received by **June 22, 2026** and you comply with the requirements in the answer to question 15 above, the Court will consider it. You may also send your own lawyer at your expense to attend the Fairness Hearing.

**18. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the hearing. Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing, at your own expense.

Objectors or their attorneys intending to participate at the Fairness Hearing must file a notice of intention to participate (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than **August 7, 2026**. Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

**IF YOU DO NOTHING**

**19. What happens if I do nothing at all?**

YOU AND ALL OTHER SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE JUDGMENT AND SETTLEMENT AGREEMENT, INCLUDING THE RELEASE OF CLAIMS, IF YOU DO NOTHING. If you are a participant, or a Beneficiary or Alternate Payee of a participant you do not need to take any action to be eligible to receive the Settlement benefits.

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER OF
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**