**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| BRENDA L. LUCERO, HEATHER BARTON, ILONA KOMPANIIETS and CYNTHIA HURTADO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF DIRECTORS OF THE CREDIT UNION RETIREMENT PLAN ASSOCIATION, THE BOARD OF TRUSTEES OF RETIREMENT PLANS, THE PLAN ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-30,<br><br>Defendants. | ) | CIVIL ACTION NO.: 3:22-cv-00208-jdp |

**PLAINTIFFS' NOTICE OF INDEPENDENT FIDUCIARY REPORT**

Plaintiffs, Brenda L. Lucero, Heather Barton, Ilona Kompaniiets and Cynthia Hurtado (together, "Plaintiffs"), by and through their attorneys hereby submit the Report of the Independent Fiduciary for the Settlement in *Lucero et al. v. Credit Union Retirement Assoc., et al*., dated July 24, 2026 ("Fiduciary Report"), attached hereto as Exhibit A.

Fiduciary Counselors was appointed to serve as the Plan's independent fiduciary. *See* Fiduciary Report, at 1. Per the Fiduciary Report, Fiduciary Counselors entirely approves the relief sought in the Motion for Final Approval (ECF No. 232) and Motion for Fees and Expenses (ECF No. 234). Among other things, Fiduciary Counselors found "[t]he Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone."

*Id*., at 2, 12.

Further, Fiduciary Counselors specifically reviewed the request for attorneys' fees, reimbursement of expenses, and case contribution awards, and stated as follows:

> Class Counsel seek attorneys' fees in the amount of $158,317.50 (the maximum amount contemplated by the Settlement and communicated to the Class). Counsel's fee request is approximately 28% of the total Gross Settlement Amount of $570,000. Plaintiffs' lodestar was $995,793.50 as of July 9, 2026, which would result in a lodestar multiplier of 0.16 if the requested $158,317.50 were awarded. Class Counsel noted in their fee papers that for purposes of calculating the lodestar multiplier, the Court may decide to consider only Class Counsel's lodestar as of July 8, 2024 ($719,606.00), which does not include two years of additional time implementing this Settlement or time spent submitting the renewed motion for preliminary approval. This "capped lodestar" approach would result in a lodestar multiplier of 0.22 if the requested $158,317.50 were awarded. In our experience, the percentage requested and the lodestar multiplier are within the range of attorney fee awards for similar ERISA cases, with the most common award in similar cases equaling one-third of the settlement amount. In light of the work performed, the result achieved, the litigation risk assumed by Class Counsel, and the combination of the percentage and the lodestar multiplier, Fiduciary Counselors finds the requested attorneys' fees to be reasonable.

*Id*., at 10-11.

Courts in ERISA cases routinely find that final approval is warranted when "an independent fiduciary reviewed the proposed settlement and determined not to object to any portion of it." *Feinberg v. T. Rowe Price Grp.*, 610 F. Supp. 3d 758, 769 (D. Md. 2022) (listing cases); *see also Karpik v. Huntington Bancshares Inc*., No. 17-cv-1153, 2021 WL 757123, at *3 (S.D. Ohio Feb. 18, 2021); *In re Marsh ERISA Litigation*, 265 F.R.D. 128, 151 (S.D.N.Y. 2010); *Will v. General Dynamics Corp*., No. 06-cv-698, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22, 2010) ("This Court notes that Class Counsel's fee has also been found, after review, to be reasonable by an independent fiduciary"); *Cavalieri v. General Elec. Co*., No. 06-cv-315, 2009 WL 2426001, at **2-3 (N.D.N.Y. Aug. 6, 2009); *In re Sprint Corp. ERISA Litig*., 443 F. Supp. 2d 1249, 1268 (D.

Kan. 2006) ("The court fully credits the parties' judgment, as well as the independent fiduciary's opinion, that the settlement is fair and reasonable").

Dated: August 4, 2026

Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

*Counsel for Plaintiffs and Class Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2026, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: */s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esq.